MAYER, BROWN, ROWE & MAW LLP
LEE H. RUBIN (SBN 141331)
SHIRISH GUPTA (SBN 205584)
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
lrubin@mayerbrownrowe.com
sgupta@mayerbrownrowe.com

Attorneys for Defendant TD AMERITRADE, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW ELVEY, an individual, and GADGETWIZ, INC., an Arizona corporation, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>TD AMERITRADE, INC., a New York corporation, and DOES 1 to 100,<br><br>Defendants. | Case No. C 07 2852 MJJ<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY**<br><br>Judge: Martin J. Jenkins |

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

-2-
**STIPULATED [PROPOSED] PROTECTIVE ORDER;**
**CASE NO.: C-07-02852-MJJ**

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party or its affiliated companies but who are retained to represent or advise a Party in this action.

2.10. <u>House Counsel</u>: attorneys who are employed as counsel for a Party or its affiliate companies. See Exhibit A for a list of TD AMERITRADE's "House Counsel" who TD AMERITRADE currently believes may require access to Confidential and Highly Confidential Information as defined in this Order. TD AMERITRADE reserves the right to supplement the list set forth in Exhibit A during the course of the litigation after seven (7) days notice to Plaintiffs' Counsel (in which time Plaintiffs' Counsel may file a motion for protective order).

2.11. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14.  <u>ADR Neutral</u>:  shall have the meaning ascribed by the Local Rules for Alternative Dispute Resolution of the Northern District of California.

2.15  <u>Customer Information</u>: any and all customer e-mail addresses, mailing addresses, telephone numbers, fax numbers, Social Security numbers, and the names and addresses of customers' employers in the possession of TD AMERITRADE.

## III.  SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## IV.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.  DESIGNATING PROTECTED MATERIAL

5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are
2 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
3 unnecessarily encumber or retard the case development process, or to impose unnecessary
4 expenses and burdens on other parties), expose the Designating Party to sanctions.

5    If it comes to a Party's or a non-party's attention that information or items that it
6 designated for protection do not qualify for protection at all, or do not qualify for the level of
7 protection initially asserted, that Party or non-party must promptly notify all other parties that it
8 is withdrawing or modifying the mistaken designation.

9    5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order
10 (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,
11 material that qualifies for protection under this Order must be clearly so designated before the
12 material is disclosed or produced.

13    Designation in conformity with this Order requires:

14    (a) for information in documentary form (apart from transcripts of depositions or
15 other pretrial or trial proceedings), that the Producing Party prominently affix the legend
16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each
17 page that contains protected material. If only a portion or portions of the material on a page
18 qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
19 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the
20 level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY").

22    A Party or non-party that makes original documents or materials available for
23 inspection need not designate them for protection until after the inspecting Party has indicated
24 which material it would like copied and produced. During the inspection and before the
25 designation, all of the material made available for inspection shall be deemed "HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified
27 the documents it wants copied and produced, the Producing Party must determine which
28 documents, or portions thereof, qualify for protection under this Order, then, before producing

the specified documents, the Producing Party must prominently affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that any Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical before the close of the deposition to identify separately each portion of testimony that is entitled to protection, and/or when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

    5.3.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    5.4   <u>Customer Information</u>. Notwithstanding the terms of Section 5.3 above, Customer Information produced in discovery or filed in Court shall be subject to the restrictions designated for Customer Information in Section 7.5 regardless of any markings or lack thereof.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1.   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2.   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B;

(b) the officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B);

(d) the Court and its personnel;

(e) court reporters, their staffs, ADR neutrals, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f) a fact witness to whom disclosure is reasonably necessary who has signed the "Agreement to Be Bound by Protective Order" (Exhibit B) and is 1) the author of the document, 2) the original source of information, or 3) providing testimony under oath. Pages of transcribed testimony or exhibits that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, ADR neutrals, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) a fact witness to whom disclosure is reasonably necessary who has signed the "Agreement to Be Bound by Protective Order" (Exhibit B) and is 1) the author of the document, 2) the original source of information, or 3) providing his testimony under oath.  Pages of transcribed testimony or exhibits that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

7.4. <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

1  79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe

2  the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

3  Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

4  suggest any additional means that might be used to reduce that risk.  In addition, any such

5  motion must be accompanied by a competent declaration in which the movant describes the

6  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

7  confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

8  approve the disclosure.

9        In any such proceeding the Party opposing disclosure to the Expert shall bear the

10 burden of proving that the risk of harm that the disclosure would entail (under the safeguards

11 proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

12        7.5    <u>Customer Information</u>.  All Customer Information produced in discovery

13 or otherwise filed in Court shall be deemed  <u>HIGHLY CONFIDENTIAL – ATTORNEYS'</u>

14 <u>EYES ONLY</u>.  In addition, Customer Information (with the exception of  Customer Information

15 pertaining to a named plaintiff where such Customer Information is being disclosed with the

16 permission of such plaintiff) may be disclosed only to those Experts who have agreed to comply

17 with the terms of TD AMERITRADE's standard vendor agreement with regard to the

18 safeguarding of client information as set forth in Exhibit C hereto**."**  This provision shall not be

19 construed as an admission of the relevance or discoverability of Customer Information.

### VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and/or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B.

## X.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION), above.

## XII. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. The entry of this Protective Order does not waive any right any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party

1  waives any right to object on any ground to use in evidence of any of the material covered by
2  this Protective Order.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5  Date: _____          By:     /s Alan Himmelfarb
                                                  Alan Himmelfarb
6                                                 Counsel for Plaintiffs Matthew Elvey and
                                                  Gadgetwiz, Inc.

8  Date: _____          By:     /s Lee H. Rubin
                                                  Lee H. Rubin
9                                                 Counsel for Defendant
                                                  TD AMERITRADE, Inc.

12  PURSUANT TO STIPULATION, IT IS SO ORDERED.

14  IT IS SO ORDERED.

15  Date: _____   By: _____
                                        THE HONORABLE MARTIN J. JENKINS
16                                      UNITED STATES DISTRICT COURT JUDGE

-14-

**STIPULATED [PROPOSED] PROTECTIVE ORDER;**
**CASE NO.: C-07-02852-MJJ**

Exhibit A

TD AMERITRADE'S HOUSE COUNSEL

David Hale
Ellen Koplow
Janis Campanella

-15-
**STIPULATED [PROPOSED] PROTECTIVE ORDER;
CASE NO.: C-07-02852-MJJ**

<u>Exhibit B</u>
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2007 in the case of *Elvey v. T.D. AMERITRADE, Inc.*, No. C-07-02852 (MJJ). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# Exhibit C
Expert Privacy Agreement for Client Information

(a) Expert acknowledges that, in the performance of the services contemplated by this Agreement, Expert may use or have access to records, systems or operations which include in tangible or electronic form information relating to employees or customers of TD AMERITRADE or its Authorized Users, including information such as their name, address (including email address), phone number, account number, social security number, drivers license number, date of birth, account activity, investments and other nonpublic personal information (including consumer reports) (collectively, "Personal Information") which is subject to the requirements of the Gramm-Leach Bliley Act and Regulation S-P thereunder promulgated by the Securities and Exchange Commission, as from time to time amended, and other federal and state laws applicable to the management, use, disposal and safekeeping of Personal Information, including those applicable to TD AMERITRADE and/or its affiliates relating to "know your customer," anti-money laundering and similar regulatory requirements (collectively, "Privacy Laws"). Personal Information of employees or customers of TD AMERITRADE or its Authorized Users is deemed Confidential Information of TD AMERITRADE. Expert agrees to comply with, and shall require that all its personnel, including all subcontractors, that receive Personal Information comply with, all applicable Privacy Laws relating to Personal Information and to cooperate with TD AMERITRADE in enabling TD AMERITRADE and/or its affiliates to satisfy its regulatory requirements relating to Personal Information.

(b) From time to time, TD AMERITRADE shall deliver to Expert, based on the nature of the Services, additional written instructions describing Expert's responsibilities with respect to preserving the privacy and security of Personal Information; upon delivery to Expert, Expert shall accept those instructions as part of Expert's obligations under this Agreement as fully as if those instructions were set forth in this Agreement. In the event, following delivery of any written instructions relating to the safeguarding the privacy and security of Personal Information, Expert declines to perform its Services, or otherwise fails to perform its Services, pursuant to TD AMERITRADE's instructions, TD AMERITRADE shall have the right to immediately terminate this Agreement with respect to those Services involving access to or use of Personal Information.

(c) Expert shall establish, maintain and perform the Services pursuant to its own policies and procedures for safeguarding any Personal Information accessed, received, processed or stored by Expert, which policies and procedures shall be reasonably designed to (a) assure the security and confidentiality of the Personal Information against unauthorized access, disclosure, modification, destruction or use; (b) protect the Personal Information against anticipated threats or hazards to its security and integrity; (c) protect the Personal Information against unauthorized access or use, including those activities that could result in substantial harm or inconvenience to any individual or entity to which the Personal Information relates; and (d) provide for the disposition of any Personal Information in Expert's possession or control when such Personal Information is no longer required for Expert to perform its Services. Upon TD AMERITRADE's request, Expert shall provide TD AMERITRADE with information regarding all policies and procedures. Expert shall promptly deliver to TD AMERITRADE notice of any incident occurring to Expert's knowledge that involves any actual or possible incident that could result in any Personal Information being improperly accessed, disclosed, modified, destroyed, used, stored or maintained pursuant to applicable Privacy Laws, Expert's related policies and procedures or any written instructions TD AMERITRADE has delivered to Expert. In the event of any such incident, Expert shall fully cooperate with TD AMERITRADE and its agents, as well as any official authorities, in any related investigation of such incident, including providing copies of any related records.

(d) On an annual basis, Expert shall provide to TD AMERITRADE, upon request, a written assessment, in form and substance reasonably acceptable to TD AMERITRADE, of the suitability of the policies and procedures for safeguarding the Personal Information, taking account of the requirements of this Agreement, the related written instructions from TD AMERITRADE, and ongoing changes in information security, computing and related fields. At TD AMERITRADE's request, Expert shall meet with TD AMERITRADE and deliver to TD AMERITRADE a written and oral presentation regarding the Personal Information policies and procedures in place.

(e) All information regarding Expert Personal Information policies and procedures provided to TD AMERITRADE by Expert under this Section shall be considered as the Confidential Information of Expert; provided, however, that TD AMERITRADE shall be entitled to provide any such information to any regulatory authority in connection with any investigation, report or filing TD AMERITRADE or its affiliates are required to make relating to the Personal Information.

-17-

**STIPULATED [PROPOSED] PROTECTIVE ORDER;**
**CASE NO.: C-07-02852-MJJ**