1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Ethan Preston (*pro hac vice*)
5  KAMBEREDELSON LLC
   The Monadnock Building
6  53 West Jackson, Suite 550
   Chicago, IL 60604
7  (312) 589-6370
   epreston@kamberedelson.com
8
   Scott A. Kamber
9  KAMBEREDELSON LLC
   11 Broadway, 22d Floor
10 New York, NY 10004
   (212) 920-3072
11 skamber@kamberedelson.com

12 David Christopher Parisi (Cal. Bar. No. 162248)
   Suzanne L. Havens Beckman (Cal. Bar. No. 162248)
13 Parisi & Havens LLP
   15233 Valleyheart Drive
14 Sherman Oaks, CA 91403
   (818) 990-1299
15 dparisi@parisihavens.com
   shavensbeckman@parisihavens.com
16
   *Counsel for Plaintiffs*
17

**IN THE UNITED STATES DISTRICT COURT**
18 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**
19

20 MATTHEW ELVEY, an individual, BRAD    No. C 07 2852 VRW
   ZIGLER, an individual, and JOEL       No. C 07 4903 VRW
21 GRIFFITHS, an individual, on their own
   behalf and on behalf of all others similarly    Judge Vaughn R. Walker
22 situated,
                                          **DECLARATION OF SCOTT A.**
23            Plaintiffs                  **KAMBER**

24        v.

25 TD AMERITRADE, INC., a New York
   corporation, and DOES 1 to 100,
26
             Defendants.
27

28

# DECLARATION OF SCOTT A. KAMBER

**Scott A. Kamber** declares under penalty of 28 U.S.C.§ 1746 this 29th day of May, 2008:

1. I am the managing partner at the law firm of KamberEdelson, LLC. I submit this declaration in support of the motion for preliminary approval of class action settlement.

2. My firm concentrates on complex consumer law class action litigation on a national and international basis.

3. I have served as class counsel in numerous consumer cases such as *In re ATI HDCP Litigation*, *In re Sony BMG CD Technologies*, and *Wormley v. GeoCities*. Attached hereto as Exhibit B is a copy of the KamberEdelson, LLC firm resume.

4. The parties did not agree on attorneys' fees and costs until after we reached agreement on the substantive terms of the settlement. The amount of attorneys' fees and costs was determined with the assistance of mediation.

5. My firm has been involved in researching and prosecuting the case against TD Ameritrade since approximately May of 2007. The investigation continued throughout the negotiations with defense counsel.

6. Since June 2007, I have engaged in in-person and telephonic discussions with defense counsel on a variety of subjects. The discussions with counsel for the defendants included efforts to potentially resolve this action since approximately mid September 2007. The settlement is the product of arms' length negotiations. While the settlement negotiations have been lengthy and difficult, they were conducted in a professional and courteous manner and ultimately were productive.

7. Attached hereto as Exhibit A is a copy of the Settlement Agreement and all Exhibits thereto.

8. I declare under penalty of 28 U.S.C.§ 1746 that the foregoing is true and correct.

*Pursuant to Section X of the Northern District of California's General Order No. 45 on electronic case filing and 28 U.S.C.§ 1746, the filer attests that the undersigned concurred to the statement above on May 29, 2008.*

                    s/Scott A. Kamber
                    Scott A. Kamber

# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into as of May 23, 2008, by and among Plaintiffs in the Actions for themselves and on behalf of the Settlement Class, and Defendant. All capitalized terms shall have the meaning set forth below. Plaintiffs and Defendant are referred to collectively as the "Parties."

Subject to Court approval as required by the applicable Rules, and as provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment, the Actions shall be settled and compromised upon the terms and conditions contained herein.

WHEREAS, purported class action complaints were filed by Plaintiffs in *Elvey and Gadgetwiz.com, Inc. v. TD Ameritrade, Inc.*, Case No. C 07 2852 MJJ (N.D. Cal.) and in *Zigler v. TD Ameritrade, Inc. and Does 1 through 100*, 2007, Case No. 07-4903 MMC (the "Actions"), alleging claims for damages and injunctive and declaratory relief against Defendant based upon Defendant's alleged unauthorized disclosure of customer personal information;

WHEREAS, Defendant has denied and continues to deny Plaintiffs' claims in the Actions and other similar actions, has denied any wrongdoing or liability to Plaintiffs, and has raised numerous affirmative defenses;

WHEREAS, the Parties have engaged in extensive, arms-length negotiations, for a period of approximately four months, including a mediation concerning plaintiffs' counsels' attorneys fees conducted on January 15, 2008 before a JAMS mediator (the Honorable Richard E. Neville, a retired Illinois state court judge);

1

**Class Action Settlement Agreement May 23, 2008**

WHEREAS, based upon extensive analysis of the facts and the law applicable to Plaintiffs' claims, and taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with protracted proceedings, trials and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and the public as a whole, and is fair, reasonable, adequate and in the best interests of Plaintiffs and the Settlement Class;

WHEREAS, Defendant, while denying any alleged wrongdoing or liability whatsoever, has similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending multiple and protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiffs and the Settlement Class;

WHEREAS, the Parties agree that all potential Settlement Class members shall have an individual right to be excluded ("opt out") from the Settlement Class (as provided in this Agreement), such that participation in the settlement benefit shall be voluntary;

NOW, WHEREFORE, the Parties stipulate and agree that any and all Released Claims against all Released Parties shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval of this Agreement, as a good faith, fair, reasonable and adequate settlement under applicable rules, regulations and laws.

## I. DEFINITIONS

As used in this Agreement and the exhibits hereto, the following terms shall have the meanings set forth below:

A.    Actions means *Elvey and Gadgetwiz.com, Inc. v. TD Ameritrade, Inc.*, Case No. C 07 2852 MJJ (N.D. Cal.) and *Zigler v. TD Ameritrade, Inc.*, Case No. C 07-4903 MMC (N.D. Cal.).

B.    Administrative Expense means all reasonable expenses associated with administration of the Agreement.

C.    Agreement means this Settlement Agreement (including all exhibits hereto).

D.    Claims Administration Expenses means the expenses incurred by the Claims Administrator in administering the settlement described herein.

E.    Claims Administrator means the Person selected by the Parties and approved by the Court to oversee the administration of the settlement described herein. The Parties agree that Rosenthal & Company or its designee(s) shall perform the duties of Claims Administrator and shall act as Claims Administrator.

F.    Class Counsel means the Counsel of record in the Actions. Lead Counsel shall mean Scott A. Kamber and Ethan Preston of KamberEdelson, LLC.

G.    Class Notice means the form of Court-approved notice (or notices) of this Settlement Agreement that are directed to the Class. Copies of the proposed long form and summary form of direct notice and the summary form of publication notice are attached hereto as Exhibits A-C.

H.    <u>Class Representatives</u> means Matthew Elvey, Joel Griffiths and Brad Zigler.

I.    <u>Company</u> means TD Ameritrade, Inc.

J.    <u>Court</u> means the United States District Court for the Northern District of California.

K.    <u>Defendant</u> means TD Ameritrade, Inc.

L.    <u>Defendant's Counsel</u> means Mayer Brown LLP.

M.    <u>Effective Date</u> means the date 31 days after the entry of the Final Order and Judgment (as defined herein), except that if a Settlement Class Member files a timely appeal from the entry of the Final Order and Judgment, the date on which the Final Order and Judgment becomes final and not subject to further review.

N.    <u>Fairness Hearing</u> means the hearings to be conducted by the Court in connection with the determination of the fairness, adequacy and reasonableness of this Settlement Agreement in accordance with applicable jurisprudence.

O.    <u>Final Order and Judgment</u> means the order and final judgment to be entered by the Court (1) approving this Agreement without material alterations, as fair, adequate and reasonable in accordance with applicable jurisprudence; (2) adopting the terms of this Agreement as a court order binding on all Settlement Class Members and Defendant; (3) confirming the certification of the Settlement Class; (4) dismissing the Actions with prejudice; and (5) issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.  The proposed form of Final Order and Judgment is attached hereto as Exhibit D.

**Class Action Settlement Agreement May 23, 2008**

P.      Notice Date means the date upon which the Class Notice is first disseminated to the Class.

Q.      Notice Expenses means (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, emailing, internet hosting and publishing the Class Notice, identifying and notifying Class members and informing Class members of the proposed settlement and (ii) any necessary notice and notice-related expenses.

R.      Notice Plan means the proposed plan for disseminating the Class Notice.

S.      Opt Out Period means the period for filing a Request for Exclusion ending on the deadline contained in the Class Notice.

T.      Person means any individual, corporation, trust, partnership, limited liability company or other legal entity and its respective predecessors, successors or assigns.

U.      Plaintiffs means Matthew Elvey, Joel Griffiths, Gadgetwiz, Inc. and Brad Zigler.

V.      Preliminary Approval Order means an order by which the Court (1) consolidates the Actions; (2) appoints the Class Representatives as the representatives of the Settlement Class; (3) appoints Lead and Class Counsel; (4) conditionally certifies the Settlement Class for settlement purposes only; (5) preliminarily approves this Agreement as fair and reasonable; (6) approves the form of Class Notice and the Notice Plan; and (7) schedules the Fairness Hearing. The proposed form of the Preliminary Approval Order is attached hereto as Exhibit E.

**Class Action Settlement Agreement May 23, 2008**

W.    <u>Released Claims</u> means any claim, allegation, right, demand, action or cause of action for damages of any kind (including, but not limited to, compensatory, consequential, special, statutory, exemplary or punitive), injunctive relief, penalties, administrative remedies, or other form of relief based upon any statute, common law principle, rule or regulation of any governmental, regulatory or self-regulatory authority or organization or any other legal theory whatsoever, whether known or unknown, asserted or unasserted, latent or patent, that (i) is, has been or could have been asserted by the Releasing Parties against the Released Parties in the Actions and/or (ii) arises from or relates in any way to (w) an alleged unauthorized disclosure to, or unauthorized acquisition by, any Person on or before September 14, 2007 of any information or data provided to Defendant by Plaintiffs and/or Settlement Class Members; (x) the receipt of SPAM e-mail by Plaintiffs and/or Settlement Class Members, (y) any statements or alleged misrepresentations or omissions in Defendant's privacy statement and/or (z) any identity theft claim included as part of or in a class, mass or any other type of collective action brought by a Person or government entity, subject only to the exclusion that Released Claims shall not include any claim for identity theft commenced and maintained by a Person only on that Person's individual behalf and not as part of or in any class, mass or any other type of collective action and not on behalf of any other person, entity, class or group.

X.    <u>Released Party(ies)</u> means Defendant, its predecessors, successors, assigns, its past, present and future parents, subsidiaries, affiliates, divisions, departments, and all of the past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, auditors, consultants,

representatives, insurers, and subrogees, of any and all of the forgoing.  It is expressly

understood that any Released Party that is not a party to this Agreement is an intended

third party beneficiary of this Agreement.

Y.    Releasing Party(ies) means Plaintiffs and each Settlement Class Member

and any Person claiming by, through, with or under the Settlement Class Member,

including, but not limited to, his/her/its spouse, child, heir, associate, co-owner, attorney,

agent, administrator, devisee, predecessor, successor, assignee, representative of any

kind, shareholder, partner, director, employee or affiliate.

Z.    Request for Exclusion is the written communication that must be filed

with the Claims Administrator that is postmarked on or before the end of the Opt Out

Period if a Class member wants to be excluded from the Settlement Class.

AA.    Settlement Class or Settlement Class Member(s) means all Persons who

are or were accountholders or prospective account holders of the Company and who

provided physical or e-mail addresses to the Company on or before September 14, 2007,

except that any Person who has properly filed a Request for Exclusion from the

Settlement Class with the Claims Administrator under this Agreement shall not be

included in the Settlement Class or be a Settlement Class Member.


## II.    PRELIMINARY APPROVAL

Promptly after the execution of this Agreement, Class Counsel and Defendant's

Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall

move the Court for entry of the Preliminary Approval Order.

III.    **CERTIFICATION OF SETTLEMENT CLASS**

A.      For settlement purposes only, the Parties stipulate to the certification of

the Settlement Class.  Further, the Parties stipulate to the appointment of Plaintiffs as the

Class Representatives of the Settlement Class and Lead and Class Counsel as Plaintiffs'

counsel for the Settlement Class.

B.      This Agreement is without prejudice to the rights of Defendant to (i)

oppose Class certification in this Action if this Agreement is not approved or

implemented for any reason; (ii) oppose certification in any other proposed or certified

class action, or (iii) use the certification of the Class to oppose certification of any other

proposed or existing class.

IV.    **SETTLEMENT CONSIDERATION**

A.      **The Company's Agreed Actions**.  The Company has agreed to take the

following actions, provided the Court approves this Agreement and enters the Final Order

and Judgment.

1.      The Company will post on its website a warning to customers

regarding stock spam.  The warning will appear in one of "The Security Center"

pages on the Company's website.  The following announcement will be posted in

the announcements section of the home page of customers when they log into the

Company's secure website:  "Go to the Security Center<link to Security Center>

for important information on protecting your assets from online threats such as

identity theft, phishing, spyware, viruses, e-mail fraud and stock touting SPAM."

8

The announcement will appear one week at a time, four times during a 12 month period commencing no later than the 31st day after the Effective Date.

2.    The Company will continue to retain independent experts to conduct bi-annual penetration tests at least through December 31, 2009. An expert selected by the Company, subject to the reasonable approval of Class Counsel, will conduct at least one such test. Each test will result in a confidential report being provided to the Company. If material vulnerabilities are identified, the Company, through its Chief Information Officer or designee, will promptly report the identified material vulnerabilities to the Audit Committee of the Board of Directors of TD Ameritrade Holding Corporation, the Company's parent, and the Company will promptly undertake to remediate those vulnerabilities.

3.    The Company will continue the practice of account seeding through December 31, 2008. The purpose of the account seeding is to determine whether any unauthorized person has acquired customer e-mail addresses that were provided to the Company after specific dates and is using those e-mail addresses to transmit SPAM e-mail messages. The Company may change the methodology as it deems appropriate, provided the new method is no less rigorous than the method that currently is in place.

4.    The Company will provide each Class member with a unique identifier number that may be used to obtain a one year subscription or a one year renewal for an anti-virus, anti-spam internet security product known as "Trend Micro Internet Security Pro." The method and timing of the distribution of the product to Class members will be described in the Class Notice.

5.      The Company has retained ID Analytics, a company specializing in identifying instances of possible organized identity theft, to conduct four analyses over the current contract term, which expires on September 1, 2008. The purpose of these analyses is to determine whether any incidents of organized misuse of personal information have occurred involving data contained in the Company's database that was the subject of the incident reported to Settlement Class Members by the Company on September 14, 2007. Two such analyses already have been performed and have identified no evidence of identity theft.

6.      If future analyses performed by ID Analytics, as described above, identify any instances of likely organized misuse of customer personal information, the Company will contact any and all Settlement Class Members whose information may have been subject to organized misuse and advise them of the possible misuse of their personal information ("Identified Class Member"). Identified Class Members will be given notice of the opportunity to submit claims to the Company pursuant to the claims process described below. If such notification letters are required, the form of the notification letter shall be agreed to by the Parties.

7.      Identified Class Members have the option of pursuing their claims for identity theft as follows:

(a) The Company will provide the Identified Class Member with dedicated customer support assistance trained to help remediate any harm from any identity theft. Only Identified Class Members will be provided access to this

support. The Company will have no such obligation if no organized misuse is identified by ID Analytics.

(b) The Identified Class Members will have thirty (30) days to send a response to the Company if he/she/it would like to be considered for direct compensation. The response may be in any form communicating costs incurred as a result of identity theft. A form response that shall accompany the notification letter shall be agreed to by the Parties.

(c) The Company will evaluate each submission by an Identified Class Member and, within thirty (30) days after receipt of the documented proof of claim, will make a reasonable response. In so responding and determining the appropriateness of a settlement offer, the Company may consider all relevant facts and circumstances, including, but not limited to, the amount of out-of-pocket expenses incurred and total number of Identified Class Members.

(d) If the Identified Class Member is not satisfied with the result, or if the Identified Class Member decides not to participate in the settlement process described above, the Identified Class Member may submit a claim in a binding arbitration proceeding administered by FINRA (formerly NASD) as provided in the customer agreement with the Company. Identified Class Members who did not enter into customer agreements with the Company may also submit a claim in a binding arbitration proceeding administered by FINRA.

8.    No later than 14 days after the Effective Date, the Company will donate $20,000 to the Honeynet Project and $35,000 to the National Cyber Forensics and Training Alliance.

11

9.     In addition to the above consideration, the Company will be solely responsible to pay all Claims Administration Expenses and all Notice Expenses for a notice program as described in this Agreement.

B. **Settlement Class Members Agreed Actions**

1.     Upon entry of the Final Order and Judgment, each Settlement Class Member shall be deemed to and does hereby fully, finally and forever release and discharge each Released Party of and from any and all Released Claims.

2.     With respect to any and all Released Claims, and upon entry of the Final Order and Judgment without further action, for good and valuable consideration, Plaintiffs, on behalf of themselves and the Settlement Class and as the representative of the Settlement Class, shall expressly, and all Settlement Class Members shall be deemed to have, and by operation of the final judgment contemplated by this Agreement shall have, fully, finally, and forever expressly waived and relinquished with respect to Released Claims, to the fullest extent permitted by law, any and all provisions, rights, and benefits of section 1542 of the California Civil Code and any and all similar provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3.      Plaintiffs and Settlement Class Members agree that they will not

assert or continue to prosecute any Released Claims against the Released Parties

during the pendency of any appeal taken from the Final Order and Judgment or

any subsequent appeal from the initial appeal or on or after the date that the Final

Order and Judgment is no longer subject to judicial review.

## V.      CLAIMS ADMINISTRATION

A.      All reasonable and necessary expenses incurred in administering this

Agreement, including the costs of implementing and administering the Settlement, shall

be paid by the Company. The Claims Administrator shall provide Class Counsel and the

Company's counsel with a detailed written summary of its activities on a quarterly basis.

B.      Class Counsel and Defense Counsel, in conjunction with the Claims

Administrator, shall submit a timely report to the Court summarizing the work performed

by the Claims Administrator.

## VI.     NOTICE TO THE CLASS

A.      As promptly as reasonably practicable after Preliminary Approval (and as

the Court may direct), the Parties (or their designees) shall cause the Class Notice

describing the Fairness Hearing and the terms of the Settlement embodied herein to be

disseminated to Settlement Class Members as provided herein. Notice shall comport

with due process and be effectuated pursuant to a Notice Plan. The Notice Plan shall

include: (1) individual email summary form notice to any Settlement Class Member

whose email address was provided to the Company; (2) summary form notice via

postcard (via U.S. Mail) to Settlement Class Members who did not provide email

addresses to the Company or whose email notices are returned as, or are otherwise known

to be, undeliverable; and (3) publication of the summary form notice in one daily and one

weekend issue of USA Today.  The summary form notice will include a toll free

telephone number and a dedicated website address that can be used to obtain a copy of

the long form notice and claim information;

B.      The Class Notice shall advise Settlement Class Members of their rights,

including the right to opt-out of or object to the Settlement Agreement or its terms.  The

notice shall provide that any objection to the proposed Settlement Agreement, and any

papers submitted in support of said objection, shall be received by the Court at the

Fairness Hearing, only if, on or before a date to be specified in the Class Notice, the

Person making an objection shall file notice of his or her intentions to do so and shall file

copies of such papers he or she proposes to submit at the hearing with the Clerk of the

Court on or before the dates specified in the Class Notice.

C.      Any  Settlement Class Member who intends to object to the Settlement

Agreement must include his/her name, address, telephone number, and proof of account

with the Company or, for a Person who was not an account holder, proof of submission

of personal information to the Company.  An objecting Settlement Class Member must

state, in writing, all Objections and the basis for any such Objection(s), and provide a

statement whether the objector intends to appear at the Fairness Hearing, either with or

without counsel.  Any Settlement Class Member who fails to timely file a written

Objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this

paragraph or as detailed in the Notice, shall not be permitted to object to the Class

Settlement at the Fairness Hearing, and shall be foreclosed from seeking any review of the Class Settlement by appeal or other means.

  D.  The cost of the Notice, the Notice Plan as outlined herein, and the dissemination of the Notice shall be borne solely by the Company.

  E.  The Parties shall file appropriate proof of compliance with the Notice Plan with the Court prior to final approval of the Settlement.

## VII. **OPT OUT RIGHT**

  A.  A Settlement Class Member may opt out of the Settlement Class at any time during the Opt Out Period, as outlined in the Court-approved Notice. In order to exercise the right to opt out, the Settlement Class Member must complete and return a Request for Exclusion to the Claims Administrator during the Opt Out Period. If a Settlement Class Member fails to properly or timely file a Request for Exclusion, the Settlement Class Member shall be a Settlement Class Member for all purposes under this Agreement. Any Settlement Class Member who elects to opt out of the Class shall not (1) be bound by any orders or judgments entered in this Action; (2) be entitled to any relief under or be affected by this Agreement; (3) gain any rights by virtue of this Agreement; or (4) be entitled to object to any aspect of this Agreement. The Request for Exclusion must be personally signed by the Person requesting exclusion.

  B.  The Claims Administrator shall provide Class Counsel and the Company's counsel with copies of all completed Requests for Exclusions within five (5) business days after expiration of the Opt Out Period.

C.      If the number of Class members submitting Requests for Exclusions exceeds an Agreed Number that the parties have submitted to the Court in camera, the Company shall have the option of terminating this Settlement Agreement.

## VIII.  EXCLUSIVE REMEDY; DISMISSAL OF ACTIONS; JURISDICTION OF COURT

A.      This Agreement shall be the sole and exclusive remedy for any and all Released Claims.  No Released Party shall be subject to liability or expense of any kind to Plaintiffs or any Settlement Class Member with respect to any Released Claim.  Upon entry of the Final Order and Judgment pursuant to the Fairness Hearing, Plaintiffs and each and every Settlement Class Member shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or any forum.

B.      The Parties agree that the Court shall retain exclusive and continuing jurisdiction of the Action, Parties, Settlement Class Members, and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under this Agreement.

## IX.  CLASS COUNSEL FEES AND COSTS

The Company has agreed to pay Class Counsel, subject to Court approval of the Settlement, within 14 days after the Effective Date, $1.870 million in attorneys' fees and an additional $9,000 for reimbursement of reasonable costs and expenses.  The Company will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses.  Class Counsel has, in

16

**Class Action Settlement Agreement May 23, 2008**

turn, agreed not to seek more than said amount from the Court. Payment shall be made by wire to Lead Counsel.

## X.      SETTLEMENT APPROVAL ORDER

This Agreement is subject to and conditioned upon the issuance of the Final Order and Judgment granting final approval of this Agreement.

## XI.      REPRESENTATIONS AND WARRANTIES

Defendant represents and warrants that (i) it has all requisite corporate power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated hereby; (ii) the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of Defendant; and (iii) this Agreement has been duly and validly executed and delivered by Defendant and constitutes its legal, valid and binding obligation.

## XII.      NO ADMISSIONS; NO USE

A.      This Agreement shall in no event be construed or deemed to be evidence or an admission of a concession on the part of any Party with respect to any claim of any fault or liability or damages.

B.      This Agreement, whether or not consummated, and any proceedings taken pursuant to this Agreement, are not and shall not in any event be:

1.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Defendant of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any defense which has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of Defendant; or

2.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any fault, breach of duty, wrongful act or misrepresentation or omission in any statement or written document approved or made by Defendant or the approval or making of which was participated in by Defendant; or

3.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault, or wrongdoing, or in any way referred to for any other reason, by any of the Parties in these actions or in any other civil, criminal or administrative action or proceeding other than such proceeding as may be necessary to effectuate the provisions of this Agreement; or

4.      Construed by anyone for any purpose whatsoever as evidence of a presumption, concession or any admission of any liability, fault, wrongdoing or otherwise on the part of Defendant; or

5.      Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission that

the Class, or any of them, has in fact suffered any damage, or that Defendant is liable to any Class member or to any other Person; or

6.    Construed as, offered in evidence as, received in evidence as, and/or deemed to be the basis of any claim of collateral estoppel or res judicata against Defendant; or

7.    Except as mutually agreed, referred to for any other reason by any of the Parties in these actions, or in any other civil, criminal, or administrative proceedings, other than such proceedings as may be necessary to effectuate the provisions of this Agreement.

## XIII.  **MISCELLANEOUS PROVISIONS**

A.    In addition to any award under the Settlement, and in recognition of their efforts on behalf of the Class, Class Representative Elvey shall receive an award of $10,000 and Class Representative Zigler and Griffiths shall each receive an award of $1000 as appropriate compensation for their time and effort serving as the Class Representatives in this litigation.  Such awards shall be paid by Defendant within 14 days of the Effective Date.

B.    This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement.  This Agreement may not be changed, modified, or amended, except in writing signed by all parties, subject to Court approval.  The Parties contemplate that the exhibits to this Agreement may be modified by subsequent Agreement of Defendant and Class Counsel prior to dissemination to the Class.

C.      This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

D.      This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent via email shall be treated as original signatures and shall be binding.

E.      Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be giving by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendant to the attention of Defendant's respective representatives and to Class Counsel on behalf of Class members, or to other recipients as the Court may specify.

F.      This Agreement shall be binding upon and inure to the benefit of the Parties and the Settlement Class Members and their respective heirs, successors, assigns, executors and legal representatives.

G.      Subject to Court approval, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

H.      Advice of Counsel and Rules of Construction.  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiations, with consideration by and participation of all Parties hereto and their counsel and, accordingly, the provisions of the Agreement shall not be construed against any Party as draftsman.

I.    No Waiver.  The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

J.    Notice.  All notices to the Parties or counsel required by this Agreement, except Settlement Class member opt outs and objections, shall be made in writing and communicated by fax and mail to the following addresses:

If to Plaintiffs or Plaintiffs' counsel:

> Ethan Preston
> KamberEdelson, LLC
> 53 West Jackson Blvd., Suite 550
> Chicago, IL  60604

If to Defendant or Defendant's counsel:

> Robert J. Kriss
> Mayer Brown LLP
> 71 South Wacker Drive
> Chicago, IL 60606

## XIV.    TERMINATION OF THIS AGREEMENT

This Agreement shall, without notice, be automatically terminated if the Final Order and Judgment are not entered, if the Final Order and Judgment are reversed on appeal and the reversal becomes final, or in the event of Defendant's termination pursuant to Section  VII C of this Agreement.  Upon termination, all Parties shall be restored to their respective positions as immediately prior to the date of execution of this Settlement Agreement except as otherwise provided.

**Class Action Settlement Agreement May 23, 2008**

## XV.    <u>AUTHORITY TO SIGN</u>

Any individual signing this Agreement on behalf of any Person represents and warrants that he or she has full authority to do so.

Facsimile signatures shall be considered valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement.

IN WITNESS WHEREOF, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below.

[Signatures on following pages]

**Class Action Settlement Agreement May 23, 2008**

**Plaintiffs**

_____
Matthew Elvey


_____
Joel Griffiths

Gadgetwiz, Inc.

By: _____


_____
Brad Zigler

23

**Class Action Settlement Agreement May 23, 2008**

**Plaintiffs**

_____
Matthew Elvey

_____
Joel Griffiths

Gadgetwiz, Inc.

By: _____

_____
Brad Zigler

23

Plaintiffs

_____

Matthew Elvey

_____

Joel Griffiths

Gadgetwiz, Inc.

By: _____

_____

Brad Zigler

23

Class Action Settlement Agreement May 23, 2008

Defendant

TD AMERITRADE, Inc.

By: _____

E. Christian Armstrong, President

**Class Action Settlement Agreement May 23, 2008**

**Counsel for Plaintiffs and the Class**

_____

Scott A. Kamber
Ethan Preston
KamberEdelson, LLC

_____

David C. Parisi
Parisi & Havens LLP

**Counsel for Defendant**

_____

Robert J. Kriss
Lee Rubin
Mayer Brown LLP

25

**Class Action Settlement Agreement May 23, 2008**

**Counsel for Plaintiffs and the Class**

_____
Scott A. Kamber
Ethan Preston
KamberEdelson, LLC


_____  May 23, 2008
David C. Parisi
Parisi & Havens LLP


**Counsel for Defendant**

_____
Robert J. Kriss
Lee Rubin
Mayer Brown LLP

Class Action Settlement Agreement May 23, 2008

**Counsel for Plaintiffs and the Class**

Scott A. Kamber
Ethan Preston
KamberEdelson, LLC

David C. Parisi
Parisi & Havens LLP

**Counsel for Defendant**

Robert J. Kriss
Lee Rubin
Mayer Brown LLP

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MATTHEW ELVEY, an individual, and )
GADGETWIZ, INC., an Arizona corporation, )
on their own behalf and on behalf of all others )
similarly situated, )
                )
             Plaintiffs, )
     v. )     No. C 07 2852 VRW
                )     Chief Judge Vaughn R. Walker
TD AMERITRADE, INC., a New York )
corporation, and DOES 1 to 100, )
                )
            Defendant. )

BRAD ZIGLER, an individual, on behalf of )
Himself, the general public and all others )
Similarly situated, )
                )
             Plaintiffs, )
     v. )     No. C 07-4903 MMC
                )
TD AMERITRADE, INC., a New York )
Corporation and DOES 1 through 100, )
                )
            Defendants. )

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:**     **All persons who are or were account holders of or prospective account holders and who provided physical or e-mail addresses to TD Ameritrade, Inc. on or before September 14, 2007 (the "Settlement Class").**

*PLEASE READ THIS NOTICE CAREFULLY. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT <u>AGAINST</u> YOU. YOU MAY BENEFIT FROM READING THIS NOTICE.*

### 1.  WHAT THIS SETTLEMENT IS ABOUT

Plaintiffs filed these lawsuits against TD Ameritrade, Inc. (the "Company" or "Defendant") in the District Court for the Northern District of California, San Francisco Division on behalf of a proposed class, alleging that an unauthorized third party acquired e-mail addresses of the Company's accountholders that were then used by spammers to send unsolicited commercial emails promoting certain stocks. The complaints seek monetary and injunctive relief for alleged violation of the California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1782(a)), the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17203), the Computer Fraud

and Abuse Act (18 U.S.C. § 1030), the CAN SPAM Act (15 U.S.C § 7706(g), the Nebraska Consumer Protection Act (NRS § 59-1602), and the Nebraska Uniform Deceptive Trade Practices Act (NRS § 87-302) and for alleged breach of fiduciary duty.

The Company denies any liability for the acts complained of and filed a motion to dismiss the Elvey complaint. The Zigler lawsuit was stayed pending a resolution of the Elvey lawsuit.

The Elvey and Zigler lawsuits were consolidated and on [insert date] plaintiffs filed a consolidated complaint. Joel Griffiths was added as a named plaintiff in the consolidated complaint.
To resolve this matter without the expense and uncertainties of litigation, the Parties have reached

a proposed settlement. The settlement provides certain benefits to the settlement class and a dismissal of the lawsuits and release of claims against the Company as described below. **This settlement is not an admission of wrongdoing by any party.**

Chief Judge Vaughn R. Walker has granted preliminary approval of the settlement and has certified the Settlement Class defined above, subject to a fairness hearing which will take place on _____, **2008 at** _____ **a.m.** in Room _____ of the District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102. This notice explains the nature of the lawsuit and the terms of the settlement and informs you of your legal rights and obligations.

By settling this lawsuit, Defendant is not admitting that it is liable to the Settlement Class.

Plaintiffs and Defendant have agreed to the settlement described below. If you do not wish to be part of the settlement, you must opt-out.

## 2. BENEFITS PROVIDED TO CLASS MEMBERS UNDER THE SETTLEMENT

### A. Benefits for All Settlement Class Members

1. The Company will provide each Settlement Class member with a unique identifier number that may be used to obtain a one year subscription or a one year renewal, if the Settlement Class member already has a subscription, for an anti-virus, anti-spam internet security product known as "Trend Micro Internet Security Pro." Settlement Class Members can obtain their unique identifier numbers and obtain instructions for obtaining and downloading the software by visiting [www insert ] after the settlement is approved.

2. The Company will post on its website a warning to customers regarding stock spam. The warning will appear in one of "The Security Center" pages on the Company's website. The following announcement will be posted in the announcements section of the home page of customers when they log into the Company's secure website: "Go to the Security Center<link to Security Center> for important information on protecting your assets from online threats such as identity theft, phishing, spyware, viruses, e-mail fraud and stock touting SPAM." The announcement will appear one week at a time, four times during a 12 month period commencing no later than the 31st day after the Effective Date.

3. The Company will continue to retain independent experts to conduct bi-annual penetration tests at least through December 31, 2009. An expert selected by the Company, subject to the reasonable approval of Class Counsel, will conduct at least one such test. Each test will result in a confidential report being provided to the Company. If material vulnerabilities are identified, the Company, through its Chief Information Officer or designee, will promptly report the identified material vulnerabilities to the Audit Committee of the Board of Directors of TD Ameritrade Holding Corporation, the Company's parent, and the Company will promptly undertake to remediate those vulnerabilities.

4. The Company will continue the practice of account seeding through December 31, 2008. The purpose of the account seeding is to determine whether any unauthorized person has acquired customer e-mail addresses that were provided to the Company after specific dates and is using those e-mail addresses to transmit SPAM e-mail messages. The Company may change the methodology as it deems appropriate, provided the new method is no less rigorous than the method that currently is in place.

2

5.    The Company has retained ID Analytics, a company specializing in identifying instances of possible organized identity theft, to conduct four analyses over the current contract term, which expires on September 1, 2008. The purpose of these analyses is to determine whether any incidents of organized misuse of personal information have occurred involving data contained in the Company's database that was the subject of the incident reported to Settlement Class Members by the Company on September 14, 2007. Two such analyses already have been performed and have identified no evidence of identity theft.

6.    If future analyses performed by ID Analytics, as described above, identify any instances of likely organized misuse of customer personal information, the Company will contact Settlement Class Members whose information may have been subject to organized misuse and advise them of the possible misuse of their personal information ("Identified Class Member"). Identified Class Members will be given notice of the opportunity to submit claims to the Company pursuant to the claims process described below.

## B. Benefits for Certain Identified Settlement Class Members

If there are any Identified Class Members (as described above):

1.    The Company will provide the Identified Class Member with dedicated customer support assistance trained to help remediate any harm from any identity theft. Only Identified Class Members will be provided access to this support. The Company will have no such obligation if no organized misuse is identified by ID Analytics.

2.    The Identified Class Members will have thirty (30) days to send a response to the Company if he/she/it would like to be considered for direct compensation. The response may be in any form communicating costs incurred as a result of identity theft.

3.    The Company will evaluate each submission by an Identified Class Member and, within thirty (30) days after receipt of the documented proof of claim, will make a reasonable response. In so responding and determining the appropriateness of a settlement offer, the Company may consider all relevant facts and circumstances, including, but not limited to, the amount of out-of-pocket expenses incurred and total number of Identified Class Members.

4.    If the Identified Class Member is not satisfied with the result, or if the Identified Class Member decides not to participate in the settlement process described above, the Identified Class Member may submit a claim in a binding arbitration proceeding administered by FINRA (formerly NASD) as provided in the customer agreement with the Company. Identified Class Members who did not enter into customer agreements with the Company may also submit a claim in a binding arbitration proceeding administered by FINRA.

## C. Charitable Donation

The Company will make donations of $20,000 to the Honeynet Project and $35,000 to the National Cyber Forensics and Training Alliance.

## 3. ATTORNEY'S FEES AWARD

Plaintiffs' counsel will request approval of the Court for attorney's fees of up to $1,870,000.00

3

and an additional $9,000 for reimbursement for reasonable costs and expenses. Defendant will not oppose or cause to be opposed an application by Plaintiffs' counsel for attorney's fees and costs up to that amount. Plaintiffs' counsel will not request additional fees and costs from Defendant or the class.

## 4. AWARD TO CLASS REPRESENTATIVES

Subject to Court approval, the Class Representative, Elvey, will receive an incentive award of $10,000, the Class Representative Griffiths with receive an incentive award of $1,000, and the Class Representative, Zigler, will receive an incentive award of $1,000 for their services as Class Representatives.

## 5. COSTS

Costs associated with the notice and administration of this settlement will be paid by Defendant.

## 6. RELEASE

Unless you exclude yourself from the settlement, you will be part of the Settlement Class. By staying in the Settlement Class, all of the Court's orders will apply to you, and you will give Defendant and its affiliated companies and their predecessors and successors and all individual persons who are or were employed or associated with these companies ("Released Parties"), a "release" of certain claims ("Released Claims"). A release means you cannot sue or be part of any other lawsuit against Defendant, or its affiliated companies about the Released Claims ever again. Released Claims means any claim, allegation, right, demand, action or cause of action for damages of any kind (including, but not limited to, compensatory, consequential, special, statutory, exemplary or punitive), injunctive relief, penalties, administrative remedies, or other form of relief based upon any statute, common law principle, rule or regulation of any governmental, regulatory or self-regulatory authority or organization or any

other legal theory whatsoever, whether known or unknown, asserted or unasserted, latent or patent, that (i) is, has been or could have been asserted by the Releasing Parties against the Released Parties in the Actions and/or (ii) arises from or relates in any way to (w) an alleged unauthorized disclosure to, or unauthorized acquisition by, any Person on or before September 14, 2007 of any information or data provided to Defendant by Plaintiffs and/or Settlement Class Members; (x) the receipt of SPAM e-mail by Plaintiffs and/or Settlement Class Members, (y) any statements or alleged misrepresentations or omissions in Defendant's privacy statement and/or (z) any identity theft claim included as part of or in a class, mass or any other type of collective action brought by a Person or government entity, subject only to the exclusion that Released Claims shall not include any claim for identity theft commenced and maintained by a Person only on that Person's individual behalf and not as part of or in any class, mass or any other type of collective action and not on behalf of any other person, entity, class or group.

## 7. CLASS COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT

As part of this litigation, the Court-approved Class Counsel has conducted an investigation and discovery into the claims of the Settlement Class members and the defenses that might be asserted thereto. The investigation has included the deposition of a representative of the Company; a review of certain relevant documents produced by the Company; and an analysis of relevant legal issues. Based on this investigation, Class Counsel believes that the settlement is fair, reasonable and adequate and in the best interests of the Settlement Class. Class Counsel and Plaintiffs have taken into account the expense and length of continued proceedings necessary to continue to prosecute this case through verdict, judgment and appeals and the uncertainty and risk of the outcome of continued litigation, especially in complex actions such as these as well as the difficulties and delays inherent in such actions.

## 8. FAIRNESS HEARING

4

A hearing will be held on the fairness of the proposed settlement.  At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award to Plaintiffs' counsel for costs and attorney's fees.  The hearing will take place on _____ **at** _____ **a.m.** before Chief Judge Vaughn R. Walker in Room _____ of the United States District Court for the Northern Division of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.

If the settlement is not approved, the case will proceed.   There can be no assurance that if the settlement is not approved, the Settlement Class will recover more than is provided in the settlement, or indeed, anything.

## 9.  WHO REPRESENTS YOU

The Court has approved the following law firm to represent the Settlement Class.  You will not be charged for the lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**Lead Class Counsel:**
Scott A. Kamber
Ethan Preston
KamberEdelson LLC
11 Broadway, 22nd floor
New York, NY 10004
Tel: xxx-xxx-xxxx

You also have the right to retain counsel at your own expense to advise you as to your rights under the settlement.

## 10.  YOUR OPTIONS

### A.  Remain in the Settlement Class.

If you wish to receive the relief provided under the settlement, you should remain in the Settlement Class.  You do not have to take any action to remain in the Settlement Class.

### B.  Exclude Yourself From the Settlement Class.

You have the right to exclude yourself from the class action settlement by completing and returning a request for exclusion to the Claims Administrator, Rosenthal & Company or its designee(s), at 300 Bel Marin Keys Blvd., Suite 200, Novato, CA 94949.  By excluding yourself from the settlement, you will not be legally entitled to receive any of the benefits provided by Defendant under the settlement. If more than 400 class members submit requests for exclusion, the Company will have the option of withdrawing from the settlement. The request for exclusion must be **postmarked** by _____, **2008** and must list your name, address, and the name and number of this case.  The requests for exclusion must be personally signed by the person requesting exclusion. You must also mail copies of the request for exclusion to each of the attorneys whose address is provided below, and such mailing must be postmarked by **2008.**

| Class Counsel: | Defendant's Counsel: |
| --- | --- |
| Ethan Preston | Robert Kriss |
| KamberEdelson LLP | Mayer Brown LLP |
| 53 W. Jackson Blvd. | 71 S. Wacker Drive |
| Suite 1530 | Chicago, IL 60606 |
| Chicago, IL 60604 | |

### C.  You May Object to the Settlement.

If you object to the settlement, and wish to submit an objection, you must file your written objection with the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA  94102. The objection must be **filed** with the Clerk of the Court on or before _____, **2008** and must refer

to the name and number of this case. You must also send a copy of your objection by first class mail to the attorneys for the Plaintiffs and Defendant listed above, and such mailing must be postmarked by _____, 2008. Any objection must include your name and address, telephone number and a statement of the reasons why you believe that the Court should find that the proposed settlement is not fair or is not in the best interests of the class. You must also submit proof of class membership. You may also appear at the hearing before Chief Judge Vaughn R. Walker on _____ at _____ a.m. and request to be heard by the Court as to your objection. If you wish to be heard by the Court at the Fairness Hearing, you must so indicate in your objection filed with the Court.   YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU WISH TO PRESENT AN ARGUMENT TO THE COURT AS TO YOUR OBJECTION. Please note that it is not sufficient to simply state that you object. Your objection should state the reasons why you object to the settlement or why it should not be approved.

If the Court approves the settlement, persons who objected to the settlement will be bound by its terms, including but not limited to the Release of Claims described above. If you do not wish to receive the benefits and provide the Release of Claims described above, you may request exclusion from the Settlement Class according to the procedures described above. If you request exclusion from the Settlement Class, you may not submit any objections to the settlement.

## 11.  **THIS NOTICE ONLY PROVIDES**

## A GENERAL DESCRIPTION

This description of the case contained in this notice is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, including a copy of the Settlement Agreement, you should visit the office of the Clerk of the United States District Court of the Northern District of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102. The Clerk will make the files relating to this lawsuit available to you for inspection and copying at your own expense. Certain documents are also available on the settlement website: _____

## 12.  **INQUIRIES**

Any questions you or your attorney may have concerning this notice should be directed to Class Counsel at the address listed above. Please include the case name and number, and your name and your current return address on any letters, not just the envelopes. You may also contact Class Counsel at 866-_____. Information is also available on the settlement website: _____

**Please do not contact the Court Clerk or the Defendant's attorneys; as they are not in a position to give you any advice about this settlement.**

By Order of the Court Dated: _____, 2008

HONORABLE CHIEF JUDGE
VAUGHN R. WALKER

DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

# EXHIBIT B

**To All Account Holders**

**Or Prospective Account Holders**

**Who Provided PHYSICAL OR**

**E-MAIL ADDRESSES To TD Ameritrade**

**On Or Before September 14, 2007.**

**Your Rights Might Be Affected**
**By A Class Action Settlement.**

The back of this card provides
a summary of the proposed settlement,
including how you can download
a free anti-spam internet security software product.

TD Ameritrade Settlement Administrator
P.O. Box 61xx
Novato, CA 94948-61xx

First Class
US Postage
Permit # xx
Location

Postal Service: Please do not mark barcode.

First Last
c/o Name
Address
City, State ZipCode

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**                    CLAIM CODE: 12345678901234

*Mathew Elvey, et al. v. TD Ameritrade, Inc.,* Case *No.* C 07 2852 VRW   &   *Brad Zigler v. TD Ameritrade, Inc.,* Case *No.* C 07 4903 MMC

**WHAT THIS SETTLEMENT IS ABOUT:**  Plaintiffs filed these lawsuits in the U. S. District Court, Northern California District, San Francisco Division, against TD Ameritrade, Inc., et al. (the "Company" or "Defendant") on behalf of the Settlement Class. The complaints , which have been consolidated, allege that an unauthorized third party acquired e-mail addresses of the Company's accountholders that were then used by spammers to send unsolicited commercial emails promoting certain stocks. The complaints seek monetary and injunctive relief for alleged violations of various state and federal laws and alleged breach of fiduciary duty.  The Company denies any liability for these acts and filed a motion to dismiss the Elvey complaint. The Zigler lawsuit was stayed pending resolution of the Elvey lawsuit.  To resolve this matter without the expense and uncertainties of litigation, the Parties have reached a proposed settlement.  This settlement is not an admission of wrongdoing by any party.

The proposed settlement provides various benefits to the Settlement Class, including a free one-year subscription for an anti-spam internet security software product; a warning on the Company's website concerning stock touting SPAM; additional measures to protect the privacy of customer information; an independent consultant to investigate through September 1, 2008 whether the personal information of any member of the Settlement Class has been subject to organized misuse relating to identity theft as the result of unauthorized access to certain data; and customer support assistance if instances of organized misuse of information are identified.  **As of the date of this notice, the consultant has conducted two investigations and found no evidence of organized misuse of personal information.**  The Company will also donate \$55,000 to two organizations, selected by the Parties, which support protecting the privacy of customer personal information.  In return for these benefits, the lawsuits will be dismissed and members of the settlement class that do not exclude themselves from this settlement according to the procedures described below will be deemed to have released all claims against the Company relating to the unauthorized acquisition of e-mail addresses and any other customer information and/or the receipt of SPAM e-mails, except that Settlement Class Members will not release individual claims, if any, for identity theft.

**THIS IS ONLY A SUMMARY NOTICE:**  For more information about the settlement, including details of the release, provisions for attorneys' fees and costs and awards to class representatives and other pertinent information, you may obtain a copy of the complete Notice of Class Action and Proposed Settlement.  **You may do so by visiting the settlement website: _____ or by mailing a request for the Notice to: TD Ameritrade Claims Administrator, c/o Rosenthal & Company LLC, P.O. Box 61___, Novato, CA 94948-61___.**

**WHO REPRESENTS THE CLASS:**  The Court has appointed KamberEdelson, LLC to represent the Class. You may hire your own attorney if you wish, however you will be responsible for that attorney's fees and expenses.

**FAIRNESS HEARING:**  A hearing will be held on _____, 2008 at ___p.m. before Chief Judge Vaughn R. Walker in Room _____ of the U.S. District Court, Northern California District, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, to determine the fairness of the proposed settlement, including the amount of the award to plaintiffs' counsel for costs and attorney's fees.  The date for the hearing may be changed without notice.  YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

**TO EXCLUDE YOURSELF FROM THE CLASS OR TO OBJECT TO THE SETTLEMENT:**  If you are a member of the Settlement Class you have the right to **exclude yourself** from both the Settlement Class and the settlement by following certain procedures described in the complete Notice, including but not limited to filing a written request for exclusion.  If you do not exclude yourself and you wish to **object to the settlement** you must timely file your objection in writing.  Requests for exclusion, comments and objections must be filed with the Clerk of the U.S. District Court, Northern California District, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, on or before Month dd, 2008.  You must follow the other procedures described in the complete Notice.

**Upon final approval of the settlement by the Court, if you are a member of the Settlement Class and have not validly excluded yourself, your claims against Defendant and its affiliates, their predecessors and successors will be released and you will be entitled to download the free anti-spam internet security software product.  To download this free software, after the final Court approval, visit www._____.com.  At the website you will be asked to enter the CLAIM CODE at the top of this card, so KEEP THIS CARD until you download your free software product.**

For more information, or to obtain a copy of the Settlement Agreement and other documents filed with the court, you can view the court file in the Clerk's Office, visit the settlement website: _____ or contact Class Counsel at 866-_____.  **Please Do Not Contact The Court Or The Clerk Of The Court Concerning This Notice.**

By Order of the US District Court, Dated: _____, 2008          THE HONORABLE CHIEF JUDGE VAUGHN R. WALKER

Please carefully separate at perforation.

### Address Correction Form

If your name or address is different from that shown below,
please enter the new information on the lines provided
and mail this card to the address shown on the reverse side.

Name and/or Address Change (if needed):

First Last _____

c/o Name _____

Address _____

City, State Zip Code _____

First Class
Postcard
Postage
Required

TD Ameritrade Settlement Administrator
P.O. Box 61xx
Novato, CA 94948-61xx

**EXHIBIT C**

**IF YOU ARE OR WERE AN ACCOUNTHOLDER OF OR PROSPECTIVE ACCOUNTHOLDER WHO PROVIDED PHYSICAL OR E-MAIL ADDRESSES TO TD AMERITRADE, INC. ON OR BEFORE SEPTEMBER 14, 2007, YOUR RIGHTS MIGHT BE AFFECTED BY A CLASS ACTION SETTLEMENT**

IN THE UNITED STATES DISTRICT COURT OF NORTHERN CALIFORNIA, SAN FRANCISCO DIVISION

*Matthew Elvey, et al. v. TD Ameritrade, Inc.,* **Case No.** C 07 2852 VRW

*Brad Zigler v. TD Ameritrade, Inc., Case No.* C 07 4903 MMC

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:**    All persons who are or were account holders of or prospective account holders who provided physical or e-mail addresses to TD Ameritrade, Inc. on or before September 14, 2007 (the "Settlement Class").

**WHAT THIS SETTLEMENT IS ABOUT** Plaintiffs filed these lawsuits against TD Ameritrade, Inc., et al. (the "Company" or "Defendant") on behalf of the Settlement Class. The complaints allege that an unauthorized third party acquired e-mail addresses of the Company's accountholders that were then used by spammers to send unsolicited commercial emails promoting certain stocks. The complaints, which have been consolidated, seek monetary and injunctive relief for alleged violations of various state and federal laws and alleged breach of fiduciary duty. The Company denies any liability for the acts complained of. To resolve this matter without the expense and uncertainties of litigation, the Parties have reached a proposed settlement. This settlement is not an admission of wrongdoing by any party.

**WHAT THIS SETTLEMENT PROVIDES** The settlement provides various benefits to the Settlement Class, including: an offer of a one-year subscription for an anti-spam internet security product known as "Trend Micro Internet Security Pro"or a one year renewal of the class member's current subscription if s/he already has a subscription for that product; a warning on the Company's website concerning stock touting SPAM; additional measures to protect the privacy of customer information; an independent consultant to investigate through September 1, 2008 whether the personal information of any member of the Settlement Class has been subject to organized misuse relating to identity theft as the result of unauthorized access to certain data; and customer support assistance if instances of organized misuse of information are identified. **As of the date of this notice, the consultant has conducted two investigations and found no evidence of organized misuse of personal information.** In addition, the Company will donate $55,000 to two organizations selected by the Parties whose purpose is to protect the privacy of customer personal information.

In return for these benefits, the lawsuits will be dismissed and members of the settlement class that do not exclude themselves from this settlement according to the procedures described below will be deemed to have released all claims against the Company relating to the unauthorized acquisition of e-mail addresses and any other customer information and/or the receipt of SPAM e-mails, except that Settlement Class Members will not release individual claims, if any, for identity theft.

**THIS IS ONLY A SUMMARY NOTICE** The details of the release, provisions for attorneys' fees and costs and awards to class representatives and other pertinent information about the terms of the settlement are set forth in the complete notice. **You** may obtain a copy of the complete Notice by visiting the settlement website: _____ or by mailing a request for the Notice to the Claims Administrator: Rosenthal & Company, 300 Bel Marin Keys Blvd., Suite 200, Novato, CA 94949. For information on how to obtain the anti-spam security product, please see the settlement website at _____.

**WHO REPRESENTS the Members of the Class?** The Court has appointed KamberEdelson, LLC to represent the Class. You may hire your own attorney if you wish, however you will be responsible for that attorney's fees and expenses.

**FAIRNESS HEARING** A hearing will be held on _____ __, 2008 at ____ p.m. before Chief Judge Vaughn R. Walker in Room _____ of the U.S. District Court for the Northern Division of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, to determine the fairness of the proposed settlement, including the amount of the award to plaintiffs' counsel for costs and attorney's fees. The date for the hearing may be changed without notice. YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

**TO OBJECT TO THE SETTLEMENT** If you are a member of the Settlement Class and wish to comment on or object to the settlement you must timely file your objection or comments in writing with the Clerk of the U.S. District Court for the Northern Division of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, on or before _____ and follow other procedures described in the complete notice.

**TO EXCLUDE YOURSELF FROM THE CLASS** If you are a member of the Settlement Class, you have the right to exclude yourself from both the Settlement Class and the settlement by following certain procedures described in the complete notice, including but not limited to filing a written request for exclusion with the Clerk of the U.S. District Court for the Northern Division of California, San Francisco Division, 450 Golden Gate Ave., San Francisco, CA 94102, which must be received by the Clerk of the Court on or before _____.

**If you are a member of the Settlement Class and do not exclude yourself in the manner required, your claims against Defendant and its affiliates, their predecessors and successors will be released upon final approval of the settlement by the Court.**

For more information, or to obtain a copy of the Settlement Agreement and other documents filed with the court, you can view the court file in the Clerk's Office, visit the settlement website: _____ or contact Class Counsel at 866-_____. **Please Do Not Contact The Court Or The Clerk Of The Court Concerning This Notice.**

By Order of the Court Dated: _____, 2008

THE HONORABLE CHIEF JUDGE VAUGN R. WALKER U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

EXHIBIT D

1  Alan Himmelfarb (Cal. Bar. No. 90480)
   KAMBEREDELSON LLC
2  2757 Leonis Blvd.
   Los Angeles, CA 90058
3  (323) 585-8696
   ahimmelfarb@kamberedelson.com
4
   Ethan Preston (*pro hac vice*)
5  KAMBEREDELSON LLC
   The Monadnock Building
6  53 West Jackson, Suite 550
   Chicago, IL 60604
7  (312) 589-6370
   epreston@kamberedelson.com
8
   Scott A. Kamber
9  KAMBEREDELSON LLC
   11 Broadway, 22d Floor
10 New York, NY 10004
   (212) 920-3072
11 skamber@kamberedelson.com
12 David Christopher Parisi (Cal. Bar. No. 162248)
   Suzanne L. Havens Beckman (Cal. Bar. No. 162248)
13 Parisi & Havens LLP
   15233 Valleyheart Drive
14 Sherman Oaks, CA 91403
   (818) 990-1299
15 dparisi@parisihavens.com
   shavensbeckman@parisihavens.com
16
   *Counsel for Plaintiffs*
17
18              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
19                     SAN FRANCISCO DIVISION

20 MATTHEW ELVEY, an individual, BRAD        No. C 07 2852 VRW
   ZIGLER, an individual, and JOEL          No. C 07 4903 VRW
21 GRIFFITHS, an individual, on their own
   behalf and on behalf of all others similarly   Judge Vaughn R. Walker
22 situated,
                                            **[PROPOSED] FINAL ORDER AND**
23              Plaintiffs                   **JUDGMENT REGARDING CLASS**
                                            **ACTION SETTLEMENT**
24         v.

25 TD AMERITRADE, INC., a New York
   corporation, and DOES 1 to 100,
26
               Defendants.
27
28

1
2

**[PROPOSED] FINAL ORDER AND JUDGMENT
REGARDING CLASS ACTION SETTLEMENT**

3

By order entered on _____, 2008, this Court granted preliminary approval

4

of the proposed class action Settlement between the parties.

5

The Court also provisionally certified a nationwide Class for settlement purposes,

6

approved the procedure for giving notice and forms of notice, and set a final fairness hearing

7

to take place on _____, 2008.  The Class is defined as all persons who are or were

8

accountholders or prospective account holders of TD Ameritrade, Inc. and who provided

9

physical or e-mail addresses to the Company on or before September 14, 2007.

10

On _____, 2008, the Court held a duly noticed final fairness hearing to consider:

11

(1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and

12

adequate; (2) whether a judgment should be entered dismissing the named plaintiffs'

13

complaints on the merits and with prejudice in favor of the Defendant and against all persons

14

or entities who are Class members herein who have not properly and timely requested

15

exclusion from the Class; and (3) whether and in what amount to award counsel for the Class

16

as attorneys' fees and expenses and whether and in what amount to award the class

17

representatives as compensation.

18

The Court, having considered all matters submitted to it at the hearing and otherwise;

19

and it appearing that the notice substantially in the form approved by the Court was given in

20

the manner that the Court ordered to all persons or entities reasonably identifiable who are or

21

were accountholders or prospective account holders of the Company and who provided

22

physical or e-mail addresses to the Company on or before September 14, 2007, and that a

23

summary form notice in the form approved by the Court was published in USA Today in the

24

manner that the Court ordered.

25

The Court, having considered and determined that the proposed settlement of the

26

claims of the Plaintiffs and Class members against the Defendant, as well as the release of the

27

Defendant and the Released Persons, as provided for in the Settlement Agreement and the

28

awards of attorneys' fees and expenses requested and class representative compensation

requested, are fair, reasonable and adequate, hereby orders:.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Settlement Agreement, including the definitions contained therein, is incorporated by reference into this Final Judgment.

2.    The Court finds that in conjunction with the Settlement Agreement the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Fed. R. Civ. P. 23, and in conjunction with the Settlement Agreement, this Court hereby finally certifies this action as a nationwide class action on behalf of those who are or were accountholders or prospective accountholders of the Company and who provided physical or e-mail addresses to the Company on or before September 14, 2007. Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

4.    The Court appoints Scott A. Kamber and Ethan Preston of KAMBEREDELSON, LLC as lead counsel for the Class. The Court designates named plaintiffs Matthew Elvey, Joel Griffiths and Brad Zigler as the Class Representatives.

5.    Notice of the pendency of this action as a class action and of the proposed settlement was given individually to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the

Litigation as a class action and of the terms and conditions of the proposed Settlement have met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.  Publication notice was also given in one newspaper.

6.     The Settlement Agreement is approved as fair, reasonable and adequate, and the Class members and the parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

7.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $ _____.  The Court also makes the following awards to the Class Representatives for their service in that capacity: $10,000 to Matthew Elvey, $1,000 to Brad Zigler and $1,000 to Joel Griffiths. These amounts are to be paid by Defendant in the time and manner described in the Settlement Agreement.

8.     The Litigation is hereby dismissed with prejudice and without costs as against the Defendant and the Released Persons.  Specifically, the following matters are to be dismissed with prejudice: *Elvey and Gadgetwiz.com, Inc. v. TD Ameritrade, Inc.*, No. C 07 2852 VRW (N.D. Cal.) and in *Zigler v. TD Ameritrade, Inc. and Does 1 through 100*, 2007, No. 07-4903 VRW (N.D. Cal.).

9.     Plaintiffs and all Class Members are permanently barred and enjoined from instituting, commencing, asserting or prosecuting, either directly or indirectly, in any capacity and in any court or other forum, any and all of the Released Claims (as defined in the Settlement Agreement) against the Defendant and any of the other Released Parties (as defined in the Settlement Agreement).

10.    The Defendant and other Released Parties, by operation of this Final Order and Judgment, shall be and are fully, finally, and forever released, relinquished, and discharged by the Plaintiffs, each and all of the Class Members, and Plaintiffs' and Class counsel of and from all the Released Claims and all claims relating to, arising out of or connected with the prosecution, assertion, settlement, or resolution of the litigations and/or the Released Claims.

In addition, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits by virtue of the proceedings herein and this Final Order and Judgment.  Notwithstanding the foregoing, nothing herein shall be construed as a release of Defendant from carrying out its obligations under the  Settlement Agreement when the Effective Date occurs.

11.    Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)    offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by the Plaintiffs or any Class member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b)    offered by any person or received against the Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c)    offered by any person or received against the Defendant or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or

order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement

Agreement, the Final Order and Judgment, or the Proofs of Claim and Release as to the

Defendant, Plaintiffs, or the Class members; or

(d)    offered by any person or received against any Plaintiff or Class Representative

as evidence or construed as or deemed to be evidence that any of their claims in any of the

cases consolidated herein lack merit.

12.    Without affecting the finality of this Final Order and Judgment in any way, this

Court hereby retains continuing jurisdiction over: (a) the effectuation of the Settlement

Agreement; and (b) the settling parties for purposes of construing and enforcing the

Settlement Agreement.

13.    Without further order of the Court, the settling parties may agree to reasonably

necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

14.    In the event that the Effective Date does not occur, this Order and Final

Judgment shall automatically be rendered null and void and shall be vacated and, in such

event, all orders entered and releases delivered in connection herewith shall be null and void.

Dated: _____, 2008

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: _____    By:_____

THE HONORABLE VAUGHN R. WALKER
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT E

Alan Himmelfarb (Cal. Bar. No. 90480)
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

David Christopher Parisi (Cal. Bar. No. 162248)
Suzanne L. Havens Beckman (Cal. Bar. No. 162248)
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299
dparisi@parisihavens.com
shavensbeckman@parisihavens.com

*Counsel for Plaintiffs*

Ethan Preston (*pro hac vice*)
KAMBEREDELSON LLC
The Monadnock Building
53 West Jackson, Suite 550
Chicago, IL 60604
(312) 589-6370
epreston@kamberedelson.com

Scott A. Kamber
KAMBEREDELSON LLC
11 Broadway, 22d Floor
New York, NY 10004
(212) 920-3072
skamber@kamberedelson.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MATTHEW ELVEY, an individual, BRAD ZIGLER, an individual, and JOEL GRIFFITHS, an individual, on their own behalf and on behalf of all others similarly situated,<br><br>            Plaintiffs<br><br>        v.<br><br>TD AMERITRADE, INC., a New York corporation, and DOES 1 to 100,<br><br>          Defendants. | No. C 07 2852 VRW<br>No. C 07 4903 VRW<br><br>Judge Vaughn R. Walker<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE FOR AND FORMS OF NOTICE, AND SCHEDULING FAIRNESS HEARING**<br><br>Date: June 12, 2008<br>Time: 2:30 p.m.<br>Location: Courtroom 6, 17th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE FOR AND FORMS OF NOTICE, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of the Settlement Agreement, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.    The parties have agreed to settle this consolidated Action and related actions upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

2.    The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3.    Based upon preliminary examination, it appears to the Court that: the Settlement Agreement provides substantial benefits to the Class without the risk, cost, or delay associated with continued litigation, trial and/or appeal; appears fair, reasonable, and adequate; the Class should be certified for settlement purposes, subject to Paragraph 16 below; and a Fairness Hearing should be held after notice to the Class to determine whether the Settlement Agreement is fair, reasonable, and adequate and whether a Final Order and Judgment should be entered in this action, based upon that Settlement Agreement.

4.    The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Court finds that: (a) the Settlement Agreement is the result of intensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; all Class Members are treated fairly under the Settlement; (b) the provisions in the Settlement Agreement regarding payment of Class Counsel's attorneys' fees and costs appear reasonable under the circumstances; (c) the provisions in the Settlement Agreement regarding special awards to plaintiffs appears reasonable under the circumstances; and (c) the Settlement Agreement is reasonable and sufficient to warrant notice thereof to members of the Class and the Fairness Hearing

described below.

5.    The Court conditionally certifies, for settlement purposes only: a class of all persons who are or were accountholders or prospective account holders of TD Ameritrade, Inc. and who provided physical or e-mail addresses to the Company on or before September 14, 2007 (the "Class").

6.    In connection with the conditional certification, the Court makes the following preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

(a)    The Class is so numerous that joinder of all members is impracticable;

(b)    There are questions of law or fact common to the above-described Class;

(c)    The claims of the named plaintiffs are typical of the claims being resolved through the proposed Settlement;

(d)    The named plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement;

(e)    For purposes of determining whether the proposed Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Class members. Accordingly, the Class is sufficiently cohesive to warrant resolution through settlement by representation; and

(f)    For purposes of Settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

7.    In making the findings set forth in Paragraph 6, the Court has exercised its discretion in conditionally certifying the Class on a nationwide basis. Named plaintiffs Matthew Elvey, Joel Griffiths and Brad Zigler are designated as Class Representatives.

8.    The Court appoints Scott A. Kamber and Ethan Preston of KAMBEREDELSON, LLC as lead counsel for the Class.  For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Lead Counsel.

9.    A final approval hearing (the "Fairness Hearing") shall be held before this Court

on _____, 2008 at _____ p.m., to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be approved. The Court will also rule on Class Counsel's fee-and-expense application and plaintiffs' application for special awards (the "Fee Application") at that time. Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

10.    As soon as practicable after the entry of this Order, but not more than thirty (30) days after its entry, the Parties shall disseminate notice of the Settlement and Fairness Hearing to the members of the Class by effectuating the Notice Plan. The Notice Plan includes: (1) individual email summary form notice to any Class Member whose email address was provided to the Company; (2) summary form notice via postcard (via U.S. Mail) to Class Members who did not provide email addresses to the Company or whose email notices are returned as, or are otherwise known to be, undeliverable; and (3) publication of the summary form notice in one daily and one weekend issue of USA Today. The summary form notice will include a toll free telephone number and a dedicated website address that can be used to obtain a copy of the long form notice and claim information. The settlement website shall be accessible on or before the e-mailing described in this Paragraph and shall remain accessible until at least 60 days after the Court enters an order on the Fairness Hearing.

11.    The Court finds that the contents of the long form notice and summary form notice and the manner of their dissemination described in Paragraph 10 is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Class members of the pendency of this action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class. The Court further finds that the long form notice and summary form notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet

the requirements of due process.

12.    Each Class member who wishes to be excluded from the Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Class may mail a written request for exclusion, in the form specified in the notice, to Rosenthal & Company or its designee(s), postmarked no later than August 1, 2008.  All persons or entities who properly and timely make a request for exclusion from the Class shall not be Class members and shall have no rights with respect to the Settlement Agreement, if it is approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Order and Judgment.

13.    Any Class member who has not timely submitted a written request for exclusion from the Class, and thus is a Class member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application, or both. Class members may do so either on their own or through counsel hired at their expense. Any Class member who wishes to object to the Settlement Agreement must, on or before August 1, 2008, file an objection with this Court. The objection must contain the following: (i) a notice of the objector's intention to appear at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) documentary proof that the objector is a Class member; (v) any legal authorities that the objector wishes the Court to consider; (vi) a list of documents and things the objector wishes the Court to consider; (vii) a list of documents and things the objector may offer as evidence or exhibits; and (viii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony. On or before that same date, any such objecting Class members shall serve a copy of such papers by first-class mail on each of the following counsel:

> Ethan Preston
> KamberEdelson, LLC
> 53 West Jackson Blvd., Suite 550
> Chicago, IL  60604

and

Robert J. Kriss
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606

14.    Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court on or before August 1, 2008.  Any responses to objections to the Settlement Agreement or the Fee Application, and any further papers in support of the Fee Application or final approval, shall be filed with the Court on or before August 15, 2008.

15.    In summary, the dates of performance are as follows:

(a)    The Notices required to be sent to Class Members per the Settlement Agreement shall be sent as soon as practicable after: (i) the entry of this Order but no later than 30 days after the entry of this Order;

(b)    The Summary Notice shall be published as soon as practicable after entry of this Order but no later than 30 days after the entry of this Order;

(c)    Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court on or before August 1, 2008;

(d)    Class members who desire to be excluded shall mail requests for exclusion postmarked no later than August 1, 2008;

(e)    All objections to the Settlement Agreement or Fee Application shall be filed and served by August 1, 2008;

(f)    Papers in response to objections, if any, and in further support of the Fee Application shall be filed and served by August 15, 2008;

(g)    Supplemental papers, if any, in support of final approval, shall be filed and served by August 22, 2008; and

(h)    The Fairness Hearing shall be held on August 29, 2008, at 2:30 p.m.

16.    In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b)    The conditional certification of a Nationwide Class pursuant to this Order shall be vacated automatically, the Actions shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Actions shall return to the procedural status quo before entry of the Preliminary Approval order and all of the consolidated actions shall be restored to the active docket in accordance with the Settlement Agreement;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

(d)    Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

(e)    All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

17.    Pending final determination of whether the proposed Settlement should be approved, no Class member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against the Company or any of the other Released Parties in any court or tribunal asserting any of the Released Claims.

18.    The appointment of the firm of Rosenthal & Company as Settlement Administrator is hereby approved for this Settlement.

19.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order and the Settlement Agreement, including making, without further approval of the

Court, minor changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable, appropriate or necessary.

Dated: , 2008

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date:                              By:_____

                                        THE HONORABLE VAUGHN R. WALKER
                                        UNITED STATES DISTRICT COURT JUDGE

EXHIBIT B

## KAMBEREDELSON, LLC -- FIRM RESUME

In October of 2007, two nationally recognized plaintiffs' class action firms joined to form KamberEdelson, LLC. With lawyers in New York, Los Angeles, Florida, and Chicago, KamberEdelson has a practice that is national in scope.

KamberEdelson focuses its practice on all types of plaintiff's-side class and mass actions, and has eight primary practice areas:

- "New technology" class actions;
- Privacy class actions;
- Securities class actions;
- Mass tort class and mass actions;
- Consumer class actions;
- Insurance class actions;
- Antitrust cases; and
- International arbitrations.

The firm's cases frequently involve important legal issues, and regularly receive attention from local, national, and international media. Our cases and attorneys have been reported in the Chicago Tribune, USA Today, the Wall Street Journal, the New York Times, the LA Times, by the Reuters and UPI news services, and BBC International. Our attorneys have appeared on numerous national television and radio programs, including on ABC World News, CNN, Fox News, NPR, and CBS Radio, as well as television and radio programs outside of the United States. We have also been called upon to give congressional testimony and other assistance in hearings involving our cases.

## OUR ATTORNEYS

**SCOTT A. KAMBER** is a founding member of KamberEdelson. Mr. Kamber currently serves as lead or co-lead counsel in numerous major national class actions including In re Pet Food, In re ATI Tech HDCP Litig., Johnson v. Microsoft, In re Network Commerce Securities Litigation, and In re HP Power Plug and Graphic Card Litig. Mr. Kamber has also served in leadership roles in numerous private and class actions including suits on behalf of shareholders, consumers and private corporations in the United States and abroad,, including: In re Song BMG CD Technologies (one of the largest computer virus cases ever resolved), Wormley v. GeoCities (consumer class action for privacy violations that is believed to be the first internet privacy case to recover a benefit for impacted class members); In re Starlink Growers (represented sub-class of farmers who grew Starlink in a consolidated settlement of federal class action valued in excess of $100 million); In re Loch Harris (derivative action that successfully dissolution of corporation and distribution of assets to shareholders); In re Command Systems (securities class action in which participating shareholders recovered over 80% of their losses); and In re WebTV (consumer class action for false advertising).

In addition to these commercial cases, Mr. Kamber has been involved in the efforts of

African torture victims to bring their persecutors to justice under the Alien Tort Claims Act and has achieved significant decisions for his clients before the United States Court of Appeals for the Second Circuit and the Southern District of New York. One such result, Cabiri v. Ghana, 165 F.3d 193 (1999), is a leading Second Circuit case under the Foreign Sovereign Immunities Act.

Mr. Kamber graduated cum laude from University of California, Hastings College of the Law in 1991 where he was Order of the Coif, Articles Editor for Hastings Constitutional Law Quarterly and a member of the Moot Court Board. Mr. Kamber graduated with University and Departmental Honors from The Johns Hopkins University in 1986. Mr. Kamber has extensive courtroom experience and has tried over 15 cases to verdict. Prior to founding Kamber & Associates, LLC, Mr. Kamber represented both plaintiffs and defendants in a wide range of commercial litigation. Mr. Kamber is admitted to practice in the State of New York as well as the United States Supreme Court, the United States Court of Appeals for the Second Circuit and Ninth Circuit, and the United States District Courts for the Southern and Eastern Districts of New York. In addition, Mr. Kamber is well-versed in the procedures and practice of numerous arbitration forums, both domestic and international. Prior to practicing law, Mr. Kamber was a financial consultant.

**JAY EDELSON** is a founding member of KamberEdelson. He has served as lead counsel in over 40 class actions, resulting in hundreds of millions of dollars in relief for his clients. His class action cases have established precedent concerning the ownership rights of domain name registrants, the applicability of consumer protection statutes to internet businesses, and the interpretation of numerous life insurance, health insurance, and other state statutes. In February of 2007, the Chicago Sun Times nicknamed Mr. Edelson the "Spam Slammer" after he secured the first settlement of a suit under the Telephone Consumer Protection Act for the alleged transmission of unsolicited text messages. Mr. Edelson has been involved in a number of high-profile "mass tort" class and mass actions and product recall cases, including ones against Menu Foods for selling contaminated pet food, a class action settlement involving the Thomas the Tank toy train recall, and suits involving damages arising from second hand smoke.

Mr. Edelson is frequently asked to participate in legal seminars and discussions regarding the cases he is prosecuting. He has also appeared on dozens of television and radio programs to discuss his cases. In April of 2007, Mr. Edelson provided testimony to the Subcommittee on Agriculture Appropriations, Senate Committee on Appropriations, U.S. Senate Hearing on "Pet Food Contamination" in connection with one of the class action cases he is prosecuting. Mr. Edelson consults with the University of Chicago Medical Center and the Pritzker School of Medicine on internet and legal ethics issues. Mr. Edelson is a graduate of Brandeis University and the University of Michigan Law School.

**ALAN HIMELFARB** is a member of KamberEdelson. Mr. Himmelfarb was admitted to the practice of law in California in July, 1979. At that time, at the age of 23, he was the youngest member of the California Bar. Within five years, he became managing attorney of a law firm employing six attorneys and a support staff of ten. He specialized in complex litigation, contracts, high technology, foreign licensing, and foreign technology

transfers, and practiced before both state and federal courts. In 1988, he took a position overseas as a foreign legal consultant in Asia. In this capacity, he acted as chief negotiator for international sales/service/technical transfer agreements, mediated cross-cultural (Asian--Western) business and governmental interests, evaluated international business/marketing strategies for multinational corporations, drafted and negotiated a full range of international transactional agreements for Korean, European and American corporations and businessmen and marketed legal services to Korean domestic market and international community. In 1992, Mr. Himmelfarb returned to Los Angeles in the capacity of a litigator, with an emphasis on plaintiff's work against banks and other financial institutions. He has been engaged in class action litigation since 1994.

**ETHAN PRESTON** is a member of KamberEdelson. Mr. Preston focuses on consumer technology, and concentrates his practice in antitrust/competition issues and information security issues. Mr. Preston has taken substantial leadership roles in numerous class action lawsuits. Mr. Preston is admitted to practice before the Northern District of Illinois, the District of New Mexico, and Illinois state courts. Mr. Preston is an inactive member of the New Mexico state bar. Mr. Preston has authored the following law review articles: Cross-Border Collaboration by Class Counsel in the U.S. and Ontario, 4 Canadian Class Action Rev. 164 (2007), The Global Rise of a Duty to Disclose Information Security Breaches, 22 J. Marshall J. Computer & Info. L. 457 (2004) (with Paul Turner), Computer Security Publications: Information Economics, Shifting Liability and the First Amendment, 24 Whittier L. Rev. 71 (2002) (with John Lofton), and The USA PATRIOT Act: New Adventures in American Extraterritoriality, 10 J. Fin. Crime 104 (2002). Mr. Preston has lectured on copyright issues at the University of Illinois at Chicago, and on comparative law on attorneys' fees and costs for the Center for International Legal Studies. Mr. Preston received his Bachelor of Arts degree with honors from the Plan II honors program at the University of Texas at Austin, and his J.D. with distinction from the Georgetown University Law Center in 2001.

**MYLES MCGUIRE** is a member of KamberEdelson. His practice concentrates, nearly exclusively, on consumer protection law and class actions. Mr. McGuire has taken leadership roles in many nationwide and multi-state class actions. His specific area of emphasis is on "new technology" class actions, including those involving electronic commerce, cellular telephony and wireless media, among others. He has served in leadership positions in groundbreaking settlements involving Facebook, Verizon, Sprint, and T-Mobile.

Mr, McGuire graduated from Marquette University Law School in 2000 and is admitted to practice in Wisconsin and Illinois. He is a member of the National Association of Consumer Advocates and the Chicago Bar Association. Prior to working as a plaintiff's attorney, Mr. McGuire spent several years counseling high-tech companies.

**STEVEN W. TEPPLER** is Senior Counsel to KamberEdelson. Mr. Teppler concentrates his practice on data protection and information technology law, including electronic discovery, loss or destruction of information, authentication and admissibility issues uniquely inherent to computer generated information, including spoliation issues

arising from unauthorized or illegal data manipulation or alteration. He is the Co-Vice-Chair of the American Bar Association Information Security Committee as well as the Florida Bar's Professional Ethics Committee.

Mr. Teppler has authored over a dozen articles relating to information technology law and routinely presents his work at conferences. Mr. Teppler's recent publications include: Spoliation in the Digital Universe, The SciTech Lawyer, Science and Technology Law Section of the American Bar Association, Fall 2007; Life After Sarbanes-Oxley – The Merger of Information Security and Accountability (co-author), 45 Jurimetrics J. 379 (2005); Digital Signatures Are Not Enough (co-author), Information Systems Security Association, January 2006; *State of Connecticut v. Swinton*: A Discussion of the Basics of Digital Evidence Admissibility (co-author), Georgia Bar Newsletter Technology Law Section, Spring 2005; The Digital Signature Paradox (co-author), IETF Information Workshop (The West Point Workshop) June 2005; Observations on Electronic Service of Process in the South Carolina Court System, efiling Report, June 2005. Mr. Teppler is also a contributing author to an American Bar Association book working titled "Foundations of Digital Evidence" (publication expected March 2008).

Mr. Teppler graduated from the Benjamin N. Cordozo School of Law in 1980 after earning his B.A., summa cum laude, from the City College of New York in 1977. Mr. Teppler is admitted to the bars of New York, the District of Columbia and Florida.

**DANA B. RUBIN** is an associate at KamberEdelson focusing her practice on a wide range of class action issues. She graduated with honors from the University of Maryland, College Park in 1993. She received her J.D. in 1999 from Fordham University School of Law, where she was an Associate Editor on the Intellectual Property, Media & Entertainment Law Journal.

Prior to joining KamberEdelson, Ms. Rubin played a role in numerous private and class actions on behalf of shareholders and consumers. Ms. Rubin has also represented both plaintiffs and defendants in employment litigation and civil rights matters. Ms. Rubin is admitted in the State Courts of New York and the United States District Courts for the Southern and Eastern Districts of New York. She is a member of the New York State Bar Association.

**JENNIFER H. FELDSCHER** is an associate at KamberEdelson. Ms. Feldscher was previously a litigation associate at Lewis, Brisbois Bisgaard & Smith, LLP, where she concentrated her practice on all areas of complex commercial litigation.

Ms. Feldscher is a 2001 graduate of Georgetown University School of Law and a 1998 graduate of Brown University.

**STEVEN LEZELL** is an associate at KamberEdelson. Mr. Lezell has tried a number of bench trials, engaged in extensive motion practice from routine to complex, written appellate briefs, litigated class action matters and arbitrated cases.

Mr. Lezell received his J.D. at Chicago-Kent College of law with High Honors in 2005. Mr. Lezell received his certificate in litigation and alternative dispute resolution and was awarded to Chicago-Kent's Order of the Coif. He served as President of the Student Bar Association and as a Notes and Comments Editor for the Chicago-Kent Law Review. Mr. Lezell also represented Chicago-Kent at the National Sports Law Moot Court Competition in New Orleans in 2004 and was awarded the ABA-ALI Scholarship and Leadership Award, for best representing the combination of leadership and scholarship in his graduating class. Mr. Lezell also received the Lowell H. Jacobson Memorial Scholarship which is awarded each year to one law student in the Seventh Circuit. Mr. Lezell received his B.A. in political science, with Distinction, from the University of Michigan in 2002.

**RYAN D. ANDREWS** is an associate at KamberEdelson, LLC. Prior to joining the firm, Mr. Andrews engaged in all aspects of the prosecution and defense of claims on behalf of individual and corporate clients, including motion practice, arbitration, mediation, trial to verdict, and appeals.

Mr. Andrews received his J.D. with high honors from the Chicago-Kent College of Law in 2005 and was named Order of the Coif. While in law school, Mr. Andrews was Notes & Comments Editor for the Chicago-Kent Law Review, a teaching assistant for both Property Law and Legal Writing courses, externed for the Hon. Joan B. Gottschall in the Northern District of Illinois, and earned CALI awards for the highest grade in five classes.

Mr. Andrews graduated from the University of Michigan in 2002 earning his B.A., with distinction, in Political Science and Communications.

**STUART WESCHLER** is Of Counsel to KamberEdelson. The efforts of Mr. Wechsler in the area of securities litigation have received considerable judicial comment. U.S. District Court Judge Alvin K. Hellerstein commented in Doney v. Command Systems, (98 Civ. 3279), in an opinion dated August 10, 1999, "I don't think it needs my comment to note that, Mr. Wechsler, you are a senior and most respected and most competent member of the securities class action bar. I would take it as a given your hours are worth the rates that you charge and that the hours that you have put in reflect the efficiency with which you work." In a report dated May 23, 1977, in Bucher v. Shumway, 76 Civ. 2420 (S.D.N.Y.), United States Magistrate Leonard Bernikow stated that "Stuart Wechsler . . . is a leading expert in securities class action litigation." Mr. Wechsler also led the team of attorneys that successfully prosecuted the class action, Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979), to a landmark decision in federal civil procedure. He was also the responsible partner in Van Gemert v. Boeing, one of the earliest actions maintained as a class action under the then newly amended Federal Rules of Civil Procedure and one of the very few securities class actions ever to go to trial and judgment. Moreover, Mr. Wechsler played an integral role in obtaining a landmark Supreme Court decision in an important phase of that action. See Boeing Co. v. Van Gemert, 444 U.S. 472 (1980).

Mr. Wechsler was admitted to the bar 1958, New York; Supreme Court; U.S. Court of

KamberEdelson, LLC

Appeals, Second, Third and Fifth Circuits; U.S. District Court, District of Arizona; U.S. District Court, Western District of Michigan. Education: University of Pennsylvania (B.S., 1953); Yale University (J.D., 1955). Editor: "Prosecuting and Defending Stockholder Suits," Practicing Law Institute, Nov., 1973. Author: "The Securities Acts Amendments of 1964," Stock Market Magazine, November, 1964; "Notice to Debenture Holders," The Review of Securities Regulation, April 15, 1976. Chairman: PLI Programs regarding class actions and stockholder suits, 1970-1977, "New Trends in Securities Litigation," 1977-79 and "Exemptions from Registration: Spinoffs-Shells and other Devices," 1970. Faculty Member, Columbia Law School Continuing Education Programs, 1979-1982. Chairman: Practicing Law Institute program, "Stockholder Suits and Class Actions," 1986; University of Virginia seminar, "Trial of a Securities Case," 1989. Lecturer, Panels on Securities Litigation and Class Actions, American Bar Association, 1975; ALI-ABA Study Course, Civil Rico Member, Board of Directors, Concert Artists Guild, 1982-1984. Member, Board of Editors, "Class Action Reports," 1977. Chairman, Securities Law Committee, Federal Bar Council, 1980-1985. Member, Committee on Second Circuit Courts of the Federal Bar Council, 1986. Member: American Bar Association; Federal Bar Council.

**JOHN BLIM** is Of Counsel to KamberEdelson. Mr. Blim is a graduate of Northwestern University School of Law, where he received his J.D. degree cum laude in 1994 and was elected to the Order of the Coif. He served as an associate articles editor on the Northwestern University Law Review from 1993 to 1994. Mr. Blim was also a member of the winning team and voted Best Speaker in the law school's moot court competition. From 1994 to 2000, he was a litigation associate at nationally recognized law firms, including Sidley & Austin.

Mr. Blim has published articles in major legal journals, and his writing has been described as "thoughtful commentary" by a leading treatise on constitutional law. Before attending law school, John earned his Ph.D. in English literature from Northwestern University, where he was also a lecturer in the school's English department.

State and federal courts have appointed John as class counsel in numerous class action cases collectively benefiting millions of individuals.

**NOTABLE CASES**

Our members have taken leading roles in the following cases:

**"NEW TECHNOLOGY" CONSUMER PROTECTION CLASS ACTIONS**

*Shen v. Distributive Networks LLC.* No. 06 C 4403 (N.D.Ill.)
Co-lead counsel in a class action alleging that defendant violated federal law by sending unsolicited text messages to the cellular telephones of consumers throughout the country. The settlement - which is the first of its kind in the country - provided each class member with up to $150 in cash.

*Gresham v. Cellco Partnership*, No. BC 387729 (Los Angeles Sup. Ct.) lead counsel in case alleging unauthorized charges were placed on cell phone bills. Settlement provided class members with full refunds.

*Abrams v. Facebook, Inc.,* No. 07-05378 (N.D.Cal.) lead counsel in settlement concerning the transmission of allegedly unauthorized mobile content.

*Zurakov v. Register.com,* No. 01-600703 (N.Y.Cty, New York)
Co-lead counsel in a class action brought on behalf of an international class of over one million members against Register.com for its deceptive practices in registering internet domain names.  In November, 2003, the New York Supreme Court (trial division) granted final approval of a settlement that required Register.com to fully disclose its practices and provided the class with a relief with a collective face value in excess of $17 million.

*Kiesel v. Time Warner*, No. 809542 (Orange County Sup. Ct.)
Co-lead counsel in a representative action on behalf of thousands of apartment and condominium residents in which firewalls were breached during cable installation. The settlement provided the class with complete relief including the inspection of every multi-unit dwelling in the affected county and repair of all breached units wherever they were found.

*Weaver v. WebTV,* No. 793551 (Santa Clara Sup Ct.) co-lead counsel in a certified nationwide consumer class action case Alleging consumer fraud / deceptive advertising of computer services and capabilities. The settlement provided the class with a collective award with a guaranteed minimum face value of six millions of dollars.


**GENERAL CONSUMER PROTECTION CLASS ACTIONS**

*Pulcini v. Bally Total Fitness Corp.*, No. 05 CH 10649 (Cook County, Ill.)
Co-lead counsel in four class action lawsuits brought against two health clubs and three debt collection companies.  A global settlement provided the class with over $40 million in benefits, including cash payments, debt relief, and free health club services.

*Kozubik v. Capital Fitness, Inc.*, 04 CH 627 (Cook County, Ill.)
Co-lead counsel in state-wide suit against a leading health club chain, which settled in 2004, providing the over 150,000 class members with between $11 million and $14 million in benefits, consisting of cash refunds, full debt relief, and months of free health club membership.

*Kim v. Riscuity*, No. 06 C 01585 (N.D.Ill)
Co-lead counsel in suit against a debt collection company accused of attempting to collect on illegal contracts.  The case settled in 2007, providing the class with full debt relief and return of all money collected.

*Jones v. TrueLogic Financial Corp.*, No. 05 C 5937 (N.D.Ill)
Co-lead counsel in suit against two debt collectors accused of attempting to collect on illegal contracts. The case settled in 2007, providing the class with approximately $2 million in debt relief.

*Chancer v. Princess Cruises*, No. BC 115472 (Los Angeles Sup. Ct.)
Co-lead counsel in a class action lawsuit challenging a cruise line's deceptive "low price guarantee" as a consumer fraud class action. The settlement provided the class with a collective award with a face value of millions of dollars.

*Fertelmeyster v. Match.com*, No. 02 CH 11534 (Cook County, Illinois)
Co-lead counsel in a state-wide class action suit brought under Illinois consumer protection statutes. The settlement provided the class with a collective award with a face value in excess of $3,000,000.

*Cioe v. Yahoo!, Inc.*, No. 02 CH 21458 (Cook County, Illinois)
Co-lead counsel in a state-wide class action suit brought under state consumer protection statutes. The settlement provided the class with a collective award with a face value between $1,600,000 and $4,800,000.

*Cioe v. Lycos*, No. 02 CH 21456 (Cook County, Illinois)
Co-lead counsel in a state-wide class action suit settled under state consumer protection statutes.

*Gavrilovic v. Vintacom Media Group, Inc.,* No. 04 CH 11342 (Cook County, Illinois);
Co-lead counsel in a state-wide class action suit settled under state consumer protection statutes.

*McArthur v. Spring Street Networks,* 100766/2004 (NY Cty.)
Co-lead counsel in a nationwide class action suit settled under New York consumer protection statutes.

*California Reconveyance Cases*
Part of a team of attorneys who settled a series of state court class action cases under California's Reconveyance Statute. Cases settled for a collective amount of over $10,000,0000.

**INSURANCE CLASS ACTIONS**

*Holloway v. J.C. Penney*, No. 97 C 4555, (N.D.Ill.)
One of the primary attorneys in a multi-state class action suit alleging that the defendant illegally denied life insurance benefits to plaintiffs' class. The case settled in or around December of 2000, resulting in a multi-million dollar cash award to the class.

*Ramlow v. Family Health Plan* (Wisc.Cir.Ct.):

Co-lead counsel in a class action suit challenging defendant's termination of health insurance to groups of self-insureds. The plaintiff won a temporary injunction, which was sustained on appeal, prohibiting such termination and eventually settled the case ensuring that each class member would remain insured.

## PRODUCTS LIABILITY CLASS ACTIONS

*Barrett v. RC2 Corp.,* No. 07 CH 20924 (Cook County, Illinois): Appointed co-lead counsel in lead paint recall case involving Thomas the Tank toy trains. Settlement is valued at over $30 million and provides class with full cash refunds and reimbursement of certain costs related to blood testing.

*In re Pet Foods Product Liability Litigation,* No. 07-2867 (D.NJ)
Appointed co-lead counsel in class action involving largest pet food recall in United States history. Settlement provided $24 million common fund and $8 million in charge backs.

*In re Starlink Corn Products Liability Litigation* (N.D.Ill.)
Represented sub-class of farmers who grew recalled Starlink corn in a consolidated settlement of federal class action valued in excess of $100 million.

*Kan v. Toshiba America Information Systems, Inc.* No. BC327273 (Los Angeles Sup. Ct.)
Class counsel in a defective product / breach of warranty action concerning laptop computers. The settlement provided the class with a collective award with a face value of approximately $45,000,000.

## SECURITIES CLASS ACTIONS

*Stassi et al. v. Loch Harris et al.,* No. GN 200180 (Tex)
Brought derivative action on behalf of technology development company that successfully obtained dissolution of corporation and distribution of assets to shareholders);

*In re Command Systems,* Case No. 98-cv-3279 (S.D.N.Y.)
Brought securities class action against technology company in which participating shareholders recovered over 80% of their losses

## PRIVACY CLASS ACTIONS

*Wormley v. GeoCities,* No. 196032 (Los Angeles Sup. Ct.)
Class Counsel in consumer class action for privacy violations that is believed to be the first internet privacy case to recover a benefit for impacted class members

*Elvey v. TD AMERITRADE Inc.* (N.D.Cal.)
Pursuing class action against an Internet-based securities broker for failing to disclose a security breach which involved customer names and email addresses for over 6 million accounts.

KamberEdelson, LLC

## MASS/CLASS TORT CASES

*Aaron v. Chicago Housing Authority,* 99 L 11738, (Cook County, Illinois)
Part of team representing a group of public housing residents bringing suit over contamination-related injuries. Case settled on a mass basis for over $10,000,000.

*Sturman v. Rush Presbyterian-St.Luke's Medical Center*, 2000 L 11069 (Cook County, Ill.)
Part of team of attorneys in suit against hospital and national association of blood banks alleging failure to warn of risks of hepatits C infection as a result of past blood transfusions.

*Januszewski v. Horseshoe Hammond*, No. 2:00CV352JM (N.D.Ind.)
Part of team of attorneys in mass suit that alleged that defendant riverboat casino caused injuries to its employees arising from exposure to second-hand smoke. Case settled on confidential terms.