**EXHIBIT 4**

1   MAYER BROWN LLP
    LEE H. RUBIN (SBN 141331)
2   Two Palo Alto Square, Suite 300
    Palo Alto, CA  94306
3   Telephone: (650) 331-2000
    Facsimile:  (650) 331-2060
4   lrubin@mayerbrown.com

5   MAYER BROWN LLP
    ROBERT J. KRISS
6   CHARLES E. HARRIS II
    71 South Wacker Drive
7   Chicago, IL  60606
    Telephone:  (312) 782-0600
8   Facsimile:  (312) 701-7711
    rkriss@mayerbrown.com

9   Counsel for Defendant TD AMERITRADE, INC.

10

11              **UNITED STATES DISTRICT COURT**

12    **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

13

14  In re TD AMERITRADE ACCOUNTHOLDER
    LITIGATION
15

16

17

18

19

| | |
|---|---|
| | Master File No. |
| | C 07-2852 VRW |
| | **DECLARATION OF JAMES BOLLMAN CONTAINING CERTAIN INFORMATION IN RESPONSE TO THE COURT'S JUNE 13, 2008 ORDER** |
| | Chief Judge Vaughn R. Walker |

20  Pursuant to 28 U.S.C. § 1746,  I, James Bollman, declare and state as follows:

21  1.      I am managing director of the corporate risk management department of TD Ameritrade

22  (the "Company").  My responsibilities include overseeing the Company's insurance program.

23  My office is at the Company's headquarters in Omaha, Nebraska.  I have personal knowledge of

24  the matters stated in this declaration.

25  2.      The Company is an insured under policies that cover a broad range of risks subject to

26  various exclusions.  The coverages include, among other things, third party liability for identity

27  theft, which provides coverage when the Company becomes obligated to pay damages or

28  expenses as a result of a claim made by a third person, such as a customer, for identity theft.

3.    The Company's insurance policies cover third-party claims without differentiating between claims brought as a class action and claims brought individually.

4.    For the policy periods in which the plaintiffs filed their original complaints, the annual premiums paid by the Company for coverage of third party liability for identity theft as well as certain other risks were less than $750,000.

5.    In response to the Court's order of June 13, 2008, I requested that the insurance broker retained by the Company obtain two quotes on coverage specific to identity theft and related claims.

6.    The Company's insurance broker reported that he obtained non-binding price indications ("Indication(s)") from two insurers with respect to policies of insurance commonly known as privacy insurance.  These policies are designed generally to cover unauthorized disclosure of private information, privacy breaches including breaches resulting in identity theft and security breaches.  Full underwriting is required before coverage can be quoted and bound.  Procurement of this coverage would be redundant to the policies already purchased by the Company. Nonetheless, the quotes help segregate to some extent the cost of the identity theft coverage out of the broader coverage provided by the Company's current policies.

7.    One of the Indications would provide for $15 million coverage subject to a $3 million self-retention and 20% co-insurance.  The premium would be $320,000 for a 12-month period. The other Indication would provide for similar coverage, self-retention and co-insurance; however, the premium would range from $420,000 to $470,000 for a 12-month period.  Neither of the Indications differentiated between class claims and individual claims.  The Company's insurance broker indicated that, based on preliminary discussions with the two insurers, limiting the coverage to class claims would result in a discount of about 10 percent on the premiums that would be charged.

Dated: July 10, 2008                    ____/s/  James Bollman_____

*Pursuant to General Order No. 45, Section X(B), Lee Rubin hereby attests that James Bollman concurs in the filing of this document.*

2

DECLARATION OF JAMES BOLLMAN CONTAINING CERTAIN
INFORMATION IN RESPONSE TO THE COURT'S JUNE 13, 2008 ORDER
C 07-2852 VRW