1  MARK A. CHAVEZ (SBN 90858)
   CHAVEZ & GERTLER, LLP
2  42 Miller Ave.
   Mill Valley, CA 94941
3  Telephone: (415) 381-5599
4
   GREGORY A. BECK (To Be Admitted Pro Hac Vice)
5  BRIAN WOLFMAN (To Be Admitted Pro Hac Vice)
   PUBLIC CITIZEN LITIGATION GROUP
6  1600 20th St. NW
   Washington, DC 20009
7  Telephone: (202) 588-1000
8
9  Attorneys for Plaintiff Matthew Elvey
10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
13 In re TD AMERITRADE            ) Case No. C 07-2852 VRW
   ACCOUNTHOLDER LITIGATION       )
14                                ) CLASS ACTION
                                  )
15                                ) **DECLARATION OF THOMAS WINZIG**
                                  )
16                                )
                                  )
17                                )
                                  )
18                                )
                                  )
19                                )
                                  )
20
21
22
23
24
25
26
27
28

1. I am a client of TD Ameritrade, Inc. since January 2002.

2. In October 2005, I began receiving spam at an email address I only used for my Ameritrade account.

3. I immediately reported the spam to Ameritrade via email, writing that someone appeared to be stealing email addresses from the company and selling them to spammers.

4. I received a response from Ameritrade the same day stating that the company had received other complaints about receiving the same stock-related spam and that the company was researching the matter. The email suggested that the spam could be the result of a brute-force attack on my mail server. The email continued: "We have no reason to believe that any of our systems have been compromised. Ameritrade deploys state of the art firewalls, intrusion detection, anti-virus software as well as employs a full time staff of employee's dedicated strictly to Information Security and protecting Ameritrade's systems from unauthorized access."

5. I replied that a brute force attack was an implausible explanation in my case because the email address I used was too complex to have been guessed in a brute force attack. The user name part of the email address (the part before the @ sign) is not listed in any dictionary. It is 15 characters long and consists of letters, numbers, and symbols. In addition, my mailserver had dictionary attack prevention, so it would have cut off any attack long before it could have guessed my Ameritrade email address.

6. I continued receiving similar spam at my Ameritrade email address. Over a period of several weeks I repeatedly contacted Ameritrade about the problem until I began to feel that I was being given the runaround.

7. Because other Ameritrade users were receiving the same spam as me at unique email addresses, it was obvious to me that a security breach had occurred on Ameritrade's servers. There was no other rational explanation for the problem. I could not understand how Ameritrade could continue not to admit the problem unless it was intentionally covering it up.

8. To prove to myself that this issue was on Ameritrade's end, and was on-going, I subsequently created a new, unique email address to be used with my Ameritrade account. I made this email address even harder to brute-force attack, a longer series of random numbers,

letters, and symbols. Through Ameritrade's website, I changed my account address to this new address. Within a matter of several weeks, that address also began receiving stock-related spam, further proving to me that Ameritrade had an on-going problem. I told them so via email, with no difference in response.

9. All I want from a settlement is for Ameritrade to honestly reveal how my private information was released, what information was released, and what it has done to rectify the problem.

10. I have no use for Trend Micro Internet Security Pro, and I am no longer using the Ameritrade email addresses that were receiving spam.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of August 2008.

_/s/_
Thomas Winzig

I certify that Thomas Winzig has concurred in the filing of this Declaration.

_[signature]_
Mark A. Chavez