1  DAVID H. WEINSTEIN (SBN 43167)
2  WEINSTEIN KITCHENOFF & ASHER LLC
   1845 Walnut Street, Suite 1100
3  Philadelphia, PA 19103
4  Telephone: (215) 545-7200
   Fax: (215) 545-6535
5  Email: weinstein@wka-law.com
6
7  Attorneys for Class Member Elli Weinstein

8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
10

11 In re TD AMERITRADE            )    Case № C 07 2852 VRW
   ACCOUNT HOLDER LITIGATION      )
12                                )    CLASS ACTION
13                                )
                                  )    **CLASS MEMBER ELLI**
14                                )    **WEINSTEIN'S REPLY IN**
                                  )    **SUPPORT OF HER**
15                                )    **OBJECTION TO SETTLEMENT**
16                                )    **AND NOTICE**
                                  )
17 _____ )
18

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................... ii

A. NEW NOTICE TO THE CLASS IS REQUIRED ................................................................1

    1. TD Ameritrade's Response is Unreasonable .....................................................2

    2. Class Counsel's Response Validates the Objection ..........................................4

B. THE ATTORNEYS' FEE APPLICATION OMITS ESSENTIAL INFORMATION ......................7

CONCLUSION ..............................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988)..........................10

*City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) ..................................................................................................................10

*In re Leapfrog Enters. Sec. Litig.*, No. C-03-05421 RMW, 2008 U.S. Dist. Lexis 84933 (N.D. Cal. Sept. 29, 2008).........................................................................8

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994) ....................................................................1

*Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995)......................10

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)..............................................10

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001).......................................10

*Wheeler v. City of Oakland*, No. C 05-0647 SBA, 2006 U.S. Dist. Lexis 27680 (N.D. Cal. Apr. 27, 2006)..........................................................................5, 6

**STATUTES, RULES, & REGULATIONS**

Fed.R.Civ.P. 23(c)(2)(B) .........................................................................................................2

**OTHER AUTHORITIES**

*Advisory Committee Note* to Fed. R. Civ. P. 23(h)(1) (2003)............................................6

Class Member Elli Weinstein, by her undersigned counsel, hereby replies to the cursory answers by Plaintiffs and Defendant TD Ameritrade to her Objection (Document 149) ("Elli Weinstein Objection" or "Objection"). The heart of her Objection is that the deadlines for opting out or objecting to the Settlement and fee application were premature, denying Class members their fundamental right to sufficient information about the Settlement and fee request. Those deadlines occurred on July 9, 2009, six weeks before Plaintiffs and TD Ameritrade moved on August 20, 2009, for final approval of the Settlement and Fee Application.

Neither of the parties has answered the fundamental question: how could the Notice in this case be "the *best* practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them *an opportunity to present their objections*," *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (emphasis added), when Class members were required to act before they could see the papers to which they might have objection? In addition, the request for attorneys' fees as subsequently submitted lacks sufficient information such that, in its present form, it should be denied.

A.   **NEW NOTICE TO THE CLASS IS REQUIRED.**

Much as it would be convenient for the Court, the Plaintiffs, and TD Ameritrade to focus upon the parties' post-notice submissions in support of the Set-

1   Class Member Elli Weinstein's Reply in Support of Her Objection to Settlement and Notice   № C 07 2852 VRW

tlement and fee application, those belated papers do not cure the defects in the Notice to the Class. It is totally speculative how Class members would have reacted to the proposed Settlement and fees if, before the opt-out/objection deadline, they had had available the basic information identified in the Objection (at 7-8): a reasonable estimate of the value of the claims being released, a reasonable estimate of the value of the Settlement, and an explanation why the negotiated fee is reasonable to the Class. Neither TD Ameritrade nor Plaintiffs confront this fundamental question of timing and available information.

1.  **TD Ameritrade's Response is Unreasonable.**

TD Ameritrade states that the Objection "should be disregarded" because "Plaintiffs' counsel's fee petition will be filed well in advance of the hearing and will be a public document. Objector Weinstein can comment further on the petition at the fairness hearing, if he [sic] so desires." TD Ameritrade Mem. (Document 182) at 19.

This assertion conflicts directly with the requirement of the "best notice practicable," Fed.R.Civ.P. 23(c)(2)(B); with the principle that Class Counsel are fiduciaries for the Class; and with the command of the Notice that a Class member's written objection specify the grounds of objection. In this last regard, the Notice admonishes Class members that "it is not sufficient to simply state you

object. Your objection should state the reasons why you object to the settlement or why it should not be approved." Exhibit A to the Declaration of David H. Weinstein (Document 149-2) ¶ 10, C at p.4. Yet, lacking basic information—the information that the parties concluded they needed to present to sustain their burden to establish the reasonableness and fairness of the Settlement and the appropriateness of the fees requested—the notice in this case was mere form without substance.

The implication of TD Ameritrade's argument is that every Class member should have filed a "placeholder" general objection by the July 9, 2009 deadline, on the chance that she or he might later wish to object to the papers to be filed six weeks later. At that point, according to TD Ameritrade, the Class member would have to appear at the Final Approval Hearing to "comment further on the petition." TD Ameritrade Mem. at 19. This approach is unreasonable and inequitable for at least three reasons.

First, TD Ameritrade's approach would discourage meaningful objections by supplanting the simple, Court-approved, single-step objection process with a more cumbersome two-step procedure. Second, and worse, the approach would discourage meaningful objections by requiring objectors located throughout the United States to travel to San Francisco to attend and speak at the Final Approval Hearing instead of simply conveying their objections in writing. Finally, the very

1  type of "placeholder" general objection that TD Ameritrade implicitly advocates
2  is specifically prohibited by the Notice the Court approved in this case. Class
3  members who might have objected after August 20, upon seeing the motion for
4  final approval and fee application, likely did not object by July 9 because, before
5  the moving papers were filed, those Class members could not comply with the
6  Notice's command to "state the reasons" for their objections.

The notice sequence in this case likely had exactly this undesirable effect. It is noteworthy that the motion for final settlement approval and fee application papers have not been posted on the official settlement website, so even now, as of September 2, 2009, Class members do not have ready access to the pertinent papers. To access these papers online through Pacer, the Class members must pay a per-page fee.

Thus, TD Ameritrade's response to the Elli Weinstein Objection is unreasonable and, in TD Ameritrade's own words, "should be disregarded."

**2.      Class Counsel's Response Validates the Objection.**

Class Counsel's one-paragraph response to the Objection is equally untenable. First, Class Counsel do not even respond to the assertion that their design and implementation of the notice program breached their fiduciary duty to the Class. *See* Elli Weinstein Objection (Document 149) at 7 ("the proposed se-

4 | Class Member Elli Weinstein's Reply in Support of Her
Objection to Settlement and Notice   № C 07 2852 VRW

quence of events was structured in the first instance by Class Counsel, in disregard of the Class's right to the best notice practicable under the circumstances and despite Class Counsel's fiduciary duty to the Class to look out for its wellbeing.") By failing to respond to this argument or to even mention their fiduciary duty, Class Counsel have tacitly conceded that the Objection is correct. *See Wheeler v. City of Oakland*, No. C 05-0647 SBA, 2006 U.S. Dist. Lexis 27680 at *41 (N.D. Cal. Apr. 27, 2006) ("Plaintiffs fail to respond to this argument and, as such, tacitly concede that the City is correct."). Since the Notice is the product of this breach of fiduciary duty, the Court should not approve either the Settlement or the requests for attorneys' fees to Class Counsel or incentive awards to Plaintiffs without new, informative notice to the Class.

Second, Class Counsel likewise do not respond to the objection that the notice program here "precludes the Class … from receiving rudimentary information for valuing the Settlement and assessing the Fee Application." Elli Weinstein Objection at 3. The Objection specifies, for example, that "[t]he Notice provides no estimate of the value of the Settlement (or of the claims being released), offers no explanation of how the Fee Application for almost $2 million is reasonable, and fails even to inform Class members that they have the right to object to the Fee Application, separate and apart from the Settlement." *Id.* at 7. Again, by

failing to respond to this objection, Class Counsel have tacitly conceded that it is correct. *See Wheeler*, 2006 U.S. Dist. Lexis 27680 at *41.

Third, although failing to address their own breach of fiduciary duty and the blatant deficiencies of the Notice, Class Counsel have instead erroneously attacked this Class member. They say she "misreads" the applicable Advisory Committee Note concerning Rule 23(h)(1). Plaintiffs' Motion for Final Approval (Document 183) at 20. On the contrary, the Objection (at 5) did not misread anything; it actually *quoted* the Advisory Committee Note, which explicitly emphasized that it is:

> important to require the filing of at least the initial motion [for fees] in time for inclusion of information about the motion in the notice to the class about the proposed settlement that is required by Rule 23(e).

*Advisory Committee Note* to Fed. R. Civ. P. 23(h)(1) (2003). This statement speaks for itself. Class Counsel are completely off base in asserting that this *quotation* is "a *misreading*" of the Note. Plaintiffs' Motion at 20 (emphasis added). Rather, Class Counsel have attempted to divert attention away from this passage by misdescribing an *additional* passage from the Note—that "notice of class counsel's fee motion should be combined with notice of the proposed settlement"—as the "*only* suggest[ion]" of the Note. *Id.* (emphasis added). In fact, the Advisory Committee recommended *both* that the fee motion be filed before the notice *and* that the

notice to the class include notice of the motion. It is instructive that the Committee regarded the filing of the fee petition before notice is given to be "important."

Fourth, Class Counsel mischaracterize the Elli Weinstein Objection so as improperly to limit its scope. Evidently focused on getting paid and apparently unconcerned with the rights of the Class, Class Counsel misstate that "Class member Weinstein contends that she was not provided sufficient notice *of Class Counsel's request for attorney fees* because she was ordered to file her objection before Class Counsel was ordered to file its motion requesting an *award of attorney fees*." Plaintiffs' Motion at 20 (emphasis supplied). The Objection, however, is about much more than just attorneys' fees. It clearly concerns both the Settlement *and* the fee application.

In sum, the sparse response by Class Counsel is nothing more than an ineffectual attempt to finesse their own failure to assure that the Class received the best notice practicable. Since the Notice in this case did not meet that standard, the Court should require new, adequate notice to the Class.

B.     **THE ATTORNEYS' FEE APPLICATION OMITS ESSENTIAL INFORMATION.**

Like the Notice, the recently filed Fee Application is missing essential information. Class Counsel have requested $1,800,857.45 in attorneys' fees. Plaintiffs' Motion for Final Approval (Document 183) at 23, 25. Yet, they have not pre-

sented the Court with sufficient information to sustain their burden to justify approval of the Settlement or of that generous amount of fees. Class Counsel have failed to inform the Court—or Class members—what counsel did to earn the $1.8 million they request.

Class Counsel justify their fee application on a lodestar basis. They assert that the lodestar figure "is based on the total number of reasonable attorney hours expended multiplied by a reasonable hourly rate for each attorney involved in the litigation." Plaintiffs' Motion for Final Approval at 22. "But a lodestar calculation is only as reasonable as the numbers that go into it…." *In re Leapfrog Enters. Sec. Litig.*, No. C-03-05421 RMW, 2008 U.S. Dist. Lexis 84933 at *15 (N.D. Cal. Sept. 29, 2008).

While Class Counsel present various data purportedly to show that their hourly rates are reasonable, Class Counsel totally ignore their burden also to show that the attorney hours were reasonably spent. As Judge Whyte recently explained:

> counsel's initial submissions do not reveal what the attorneys *did* to justify the large number of hours they billed. This want of information makes it impossible for the court to gauge the reasonableness of the figures submitted above.

*In re Leapfrog Enters. Sec. Litig.*, 2008 U.S. Dist. Lexis 84933 at *15 (italics in original).

The same impossibility faces the Court and parties here. Class Counsel have presented almost no evidence of what they did in the more than 1,900 hours they claim to have spent on the case. *See* Scott Kamber Decl. (Document 183-2) ¶ 4 (1,664.2 hours) and David Parisi Decl. (Document 183-3) ¶ 4 (237.7 hours). As far as the docket and record reflect, Plaintiffs conducted only a limited amount of discovery. As appears from ¶ 7 of the Notice, Exhibit A to the David Weinstein Decl. (Document 149-2), and confirmed by Plaintiffs' Motion for Final Approval at 8, Class Counsel took only a single deposition and received the production of a few, selected documents. These activities are at most a modest effort that cannot account for more than a small fraction of the over 1,900 hours claimed.

The Fee Application also fails to demonstrate that the requested fee is reasonable in light of the value of the Class's recovery. Since the expenses Class Counsel seek to have reimbursed are only $9,000 (a figure that itself is unsubstantiated other than by counsel's *ipse dixit* pronouncement that their actual expenses were greater), it is highly unlikely that they obtained the opinion of an expert as to the value either of the claims in the case or of the Settlement.[1] Under these circumstances, there is no evidence in the record to demonstrate that the

---

[1] While Plaintiffs' Motion for Final Approval refers to "expert consulting charges" as an element of Class Counsel's expenses, neither the Kamber Decl. ¶ 6 (Document 183-2) nor the Parisi Decl. ¶ 5 (Document 183-3), the only support for the statement cited, mentions any expert consulting charges.

Settlement is fair and reasonable. *A fortiori*, the record is devoid of any basis for a conclusion that a $1.8 million fee is appropriate.

Finally, Class Counsel request a substantial multiplier of 2.5 times their lodestar. They assert that lodestar multipliers "generally range from 2-4." *See* Plaintiffs' Motion for Final Approval at 24. They cite four cases for this approach, three of which, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), *Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995), and *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988), were common fund case where fees were awarded on a percentage-of-the-fund basis. In those federal court cases lodestar—with its resultant imputed multiplier—was employed merely as a cross-check of the reasonableness of the percentage fee awarded. The only other case cited by plaintiffs, *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001), is from an intermediate California appellate court and rests solely on California state-law decisions. Thus, Class Counsel have cited no Ninth Circuit or other federal court authority for awarding a multiplier in a non-common fund case such as this one. By contrast, at least in the statutory fee-shifting context, a multiplier for contingency risk is generally not allowed. *See City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992).

Since Class Counsel have not established (1) that their hours were reasonably incurred, (2) that the requested fee is reasonable in light of the value of the

Class's recovery under the Settlement, and (3) that there is any basis for a multiplier greater than 1.0 in this case, the Court should deny the fee request as submitted.

## CONCLUSION

For all the foregoing reasons, the Court should postpone consideration of the merits of the Settlement and require new, more complete notice to the Class. In addition, based on the record presented by Plaintiffs and TD Ameritrade, the Court should deny approval of the Settlement and Fee Application.

Respectfully submitted,

Dated: September 2, 2009

/s/ *David H. Weinstein*
DAVID H. WEINSTEIN (SBN 43167)
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 545-7200
Fax: (215) 545-6535
Email: weinstein@wka-law.com

Attorneys for Class Member
Elli Weinstein

## CERTIFICATE OF SERVICE

I hereby certify this second day of September, 2009, that today I caused the foregoing Class Member Elli Weinstein's Reply in Support of Her Objection to

1  Settlement and Notice to be filed by ECF (electronic case filing) and thereby
2
3  made available to all parties and counsel of record thereto.
4  Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

                                          /s/ *David H. Weinstein*
                                          David H. Weinstein (SBN 43167)